Dean KINGSLEY, Plaintiff-Appellee, Cross-Appellant,

v.

BAKER/BEECH–NUT CORPORATION, Defendant-Appellant, Cross-Appellee.

No. 76–1660
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 9, 1977.

Rehearings Denied March 11, 1977.

* Rule 18, 5th Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N.Y., et al.,* 5th Cir., 1970, 431 F.2d 409, Part I.

**1138**

Richard L. Jackson, Dallas, Tex., for defendant-appellant, cross-appellee.

R. W. (Bill) Glenn, Plano, Tex., for plaintiff-appellee, cross-appellant.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

CLARK, Circuit Judge:

Plaintiff, Dean Kingsley, appeals from the district court's reformed judgment denying recovery of a statutory award of attorney's fees in a diversity action claiming severance compensation under a personnel policy of the defendant, Baker/Beech-Nut Corporation. Defendant cross-appeals, arguing (1) that the district court committed various evidentiary errors and improperly instructed the jury; (2) that the court erred in awarding severance pay to Kingsley as no contract existed between the parties; (3) that assuming the liability award was proper, entry of the judgment on the jury verdict for exemplary damages is improper. We affirm the denial of attorney's fees. As to the cross-appeal, we affirm the district court's evidentiary rulings and instructions and the jury's findings of the defendant's liability, but we reverse the award of exemplary damages.

Kingsley, a former Division Manager of the Baby Food Division of Beech-Nut Inc., (Beech-Nut) for a territory encompassing Texas, Oklahoma, and Louisiana, contacted wholesale brokers to increase the sales of and obtain new distribution for Beech-Nut baby foods. During Kingsley's tenure of employment with Beech-Nut, it adopted a personnel policy entitled "Severance Compensation—Exempted Salaries Employees" (Severance Compensation Policy). Employees, such as Kingsley, who qualified under the policy were entitled to severance pay upon discharge from the company but not upon resignation.

On February 23, 1973, Baker/Beech-Nut Corporation (Baker/Beech-Nut) purchased the Baby Food Division of Beech-Nut, and personnel within the Baby Food Division, including Kingsley, became employees of Baker/Beech-Nut. In the purchase agreement Baker/Beech-Nut expressly assumed the liabilities of Beech-Nut under its Severance Compensation Policy as to these new employees. Baker/Beech-Nut later announced at a corporate meeting that it would apply the policies and procedures of Beech-Nut to employees who had worked in the Beech-Nut Baby Food Division.

Afterwards, on August 15, 1974, Mr. A. R. Jackson, a superior of Kingsley within the Baker/Beech-Nut Sales Division, met with Kingsley and informed him that due to Jackson's personal dissatisfaction with Kingsley's work, he would recommend to his superiors that Kingsley be fired. Jackson also discussed the possibility of Kingsley's resigning rather than being dismissed, suggesting to Kingsley that this would reflect more favorably upon his employment record and offering to help Kingsley find a job elsewhere. At the close of their discussion, Jackson told Kingsley that he need not make a decision immediately and that Kingsley should consider his alternatives for a couple of days and then make a decision. On August 17, 1974, Kingsley tendered his resignation, and Baker/Beech-Nut accepted it that day.

Kingsley subsequently renounced his resignation and demanded that Baker/Beech-Nut award him severance pay under the Severance Compensation Policy. Baker/Beech-Nut refused Kingsley's demand. More than 30 days later Kingsley brought an action in the Texas District Court for the 199th Judicial District of Collin County, Texas for breach of the Severance Compensation Policy, alleging that he was entitled to $6,460 in severance pay and that his attorney was entitled to $3,750 in attorney's fees as the suit was a claim for services rendered under Tex.Civ.Stat.Ann. art. 2226 (Vernon cum. supp. 1975–1976). Baker/Beech-Nut removed the action pursuant to 28 U.S.C. § 1441(b) to the United States

District Court for the Eastern District of Texas, Sherman Division.

Evidence adduced at the trial demonstrated that Baker/Beech-Nut, through Jackson, had improperly used a threat to withhold favorable references for future employment if Kingsley would not resign. The evidence further showed that Baker/Beech-Nut did this with the deliberate intention of preventing Kingsley from receiving severance pay. The case went to the jury on a pure contract theory, and the jury found that the Baker/Beech-Nut's breach of the Severance Compensation Policy was accompanied by willful and malicious conduct of Jackson. A judgment was entered on the verdict, which awarded Kingsley $6,460 actual damages, $20,000 exemplary damages, and $3,750 attorney's fees.

In its motion for a new trial, Baker/Beech-Nut moved to eliminate the award of attorney's fees and exemplary damages. Kingsley resisted the motion, and in regard to the award of exemplary damages, sought to amend the complaint to include allegations of fraud, contending that the issues of fraud and deceit had been tried to the jury with the express or implied consent of both parties. The district court eliminated the award of attorney's fees and granted the post-trial amendment to Kingsley's complaint, leaving the award of exemplary damages intact. The appeal and cross-appeal followed. Both parties concede that Texas law applies to this diversity action.

### Attorneys' Fees for Services Rendered

■■ Tex.Civ.Stat.Ann. art. 2226 (Vernon cum. supp. 1975–1976) provides in pertinent part:

> Any person . . . having a valid claim against a . . . corporation for services rendered, labor done . . . may present the same to such . . . corporation . . .; and if, at the expiration of 30 days thereafter, the claim has not been paid or satisfied, and he should finally obtain judgment for any amount thereof as presented for payment to such . . . corporation, he may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees.

Kingsley argues that his suit for severance pay is analogous to *Danaho Refining Co. v. Dietz*, 398 S.W.2d 307, 317 (Tex.Civ. App.1965), in which the court held an action to enforce an employer's promise to pay as a part of each employee's salary a Christmas Bonus equal to one month's salary was one for services rendered, entitling the plaintiff to an award of reasonable attorney's fees. Kingsley contends that the services he rendered as a Division Manager of Beech-Nut and later with Baker/Beech-Nut entitle him not only to his monthly salary but also to remuneration under the Severance Compensation Policy, thus the district court's deletion of the award of attorney's fees was error.

In *Knebel v. Capital National Bank*, 518 S.W.2d 795, 804 (1974), the Texas Supreme Court reaffirmed its rule regarding the interpretation of statutes permitting the recovery of attorneys' fees and declared that such statutes "are in derogation of the common law, are penal in nature and must be strictly construed." Discharge of our obligation under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), requires us, of course, to adhere to this principle.

The Texas appellate courts have consistently interpreted article 2226 as applying only to those actions in which the employee is entitled to compensation that ordinarily accrues from the employer-employee relation, *Ennis Business Forms, Inc. v. Todd*, 523 S.W.2d 83 (Tex.Civ.App.1975), whether due immediately, *see Campbell Cleaning & Dye Works v. Barnwell*, 183 S.W.2d 256 (Tex.Civ.App.1944), or on a deferred basis, *Danaho Refining Co. v. Dietz, supra*, for services which the employee has rendered in fact. *Panhandle Broadcasting Co. v. Cercy*, 363 S.W.2d 792 (Tex.Civ.App.1963).

Kingsley's suit for breach of the Severance Compensation Policy is not such an

action. His claim against Baker/Beech-Nut arises only because Kingsley was allegedly dismissed from his position with the company rather than having voluntarily resigned. Any remuneration due to Kingsley for services rendered would accrue regardless of dismissal or resignation. Moreover, that benefits under the Severance Compensation Policy are not remuneration for services rendered is evidenced by the fact, for example, that eligible employees who have worked less than 1 year with Baker/Beech-Nut are entitled to the same amount of severance benefits regardless of whether they have worked with the company for 1 day or 364 days. Severance compensation for eligible employees who have worked more than 1 year with Baker/Beech-Nut is computed on the basis of the length of their employment and the employee's age when dismissed. Any benefits due under the policy neither ordinarily accrue from the employer-employee relation nor are the benefits disbursed for services rendered in fact. Accordingly, the district court's reformation of the judgment to deny the recovery of attorney's fees under article 2226 is affirmed.

*The District Court's Evidentiary Rulings*

■ On cross-appeal, Baker/Beech-Nut raises three principal issues in objecting to the district court's evidentiary rulings; (i) testimony of Kingsley's witness, Susan Harvey, was improperly admitted as it constituted hearsay; (ii) the deposition of Baker/Beech-Nut's former employee, A. J. Jackson, was improperly admitted and read to the jury; (iii) certain exhibits tendered by Kingsley were improperly introduced. We note that the district court's trial of Kingsley's action was after the effective date of the Federal Rules of Evidence. Pub.L. No. 93–595 § 1, 88 Stat. 1948 (1975). Accordingly, we apply them here in determining the propriety of the district court's rulings.

■ During the trial, Kingsley's attorney read the contents of the deposition testimony of Ms. Harvey, an employee of Baker/Beech-Nut during the period contemporaneous with Jackson's August 15, 1974 meeting with Kingsley. Baker/Beech-Nut does not contest the introduction of the deposition itself rather only to selected excerpts of Harvey's testimony that were read to the jury over its objection. The deposition reveals that after properly laying the foundation for a telephone conversation that Harvey overheard between Jackson and some other person, the following colloquy between Kingsley's attorney and Harvey took place:

Q. And do you recall what you heard in substance?

．　　．　　．　　．　　．

A. Well, I heard what [Jackson] said.
Q. What did he say?

．　　．　　．　　．　　．

A. He said that you don't have to worry about paying him severance pay, because I'll make him quit.
Q. After you heard this phrase that you've related, did you make an effort to listen more closely?
A. Yes, I did.
Q. All right. And in applying that effort what did you hear thereafter, if anything?

．　　．　　．　　．　　．

A. [Jackson] said that he would take care of it because he was going down to Dallas; and he would take care of it then.

Further proof established that Kingsley was Baker/Beech-Nut's only employee in Dallas at the time Harvey overheard Jackson's telephone conversation. Having preserved the issue for appeal, Baker/Beech-Nut argues that Harvey's deposition was improperly admitted since it was "nothing more than rank hearsay" under the Federal Rules of Evidence.

Rule 801(c) of the Federal Rules of Evidence defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter

asserted." As Rule 801(b) defines declarant as "a person who makes a statement" and Rule 801(a)(1) defines statement as "an oral or written assertion," Harvey's deposition testimony relating Jackson's telephone conversation would appear to fall within the definition of hearsay as set forth in Rule 801(c). Rule 801(d)(2)(C) provides, however, that a "statement is not hearsay if . . . [it] is offered against a party and is . . . a statement by a person authorized by him to make a statement concerning the subject."

In considering whether Jackson's telephone conversation falls within this particular definition of nonhearsay, we must initially determine whether Baker/Beech-Nut had authorized Jackson to make statements about terminating Kingsley's employment. Trial evidence established that Jackson was Kingsley's superior within the Baker/Beech-Nut Sales Division, that Jackson was responsible for appraising Kingsley's work, and that Jackson reported these evaluations to his superiors who in turn acted upon them. It is clear, therefore, that Jackson had the authority from Baker/Beech-Nut to make the statements quoted from his telephone conversation. Since the proof did not conclusively establish to whom Jackson was speaking during his telephone conversation, the further question arises whether Rule 801(d)(2)(C) covers only statements to third persons to the exclusion of statements by an agent to his principal. Rule 801(d)(2)(C) is phrased broadly. We construe it to encompass both type of statements. Such statements when made by an authorized agent to his principal are no more hazardous than when made by such a person to a third party. The trustworthiness in both instances outweigh any hazards implicit in hearsay evidence. E. Cleary, *McCormick on Evidence* § 267, at 643 (2d ed. 1972). Accordingly, Jackson's statements are not excludable hearsay and are admissible.

■ After introducing Jackson's deposition into evidence, Kingsley's attorney read excerpts of questions and answers from the deposition to the jury. The narration of these excerpts proved to be a lengthy and tedious process, and in order to expedite the trial proceedings, the district court, *sua sponte,* ordered Kingsley's attorney to reduce Jackson's testimony to summary form and read the summary to the jury. Baker/Beech-Nut objected to this procedure apparently on the grounds that the initial method used by Kingsley's attorney was as efficient as reading the summary of Jackson's testimony. On appeal Baker/Beech-Nut argues without citing any specific instances, that impermissible inferences and conclusions and misstatements were made by Kingsley's attorney while reading the summary. The district court did not abuse its discretion in requiring that Jackson's lengthy deposition be summarized. Baker/Beech-Nut was thoroughly familiar with Jackson's deposition testimony as he was its principal witness and as its own attorney had deposed Jackson on direct examination. It had ample opportunity at trial to rebut any alleged impermissible inferences or misstatements made in the summary. Its broad allegations are insufficient for us to conclude that the summary was improperly admitted. Fed.R.Evid. 103(a).

■ Baker/Beech-Nut argues that the district court improperly admitted three exhibits offered as evidence by Kingsley. Its argument in relation to Exhibits 17 and 18 is without merit unless a substantial right of Baker/Beech-Nut's is affected. Fed.R. Evid. 103(a). It has failed to make such an allegation here, and therefore its argument is without merit.

■ Exhibit 26 is the asset purchase agreement between Beech-Nut and Baker/Beech-Nut that sets forth Baker/Beech-Nut's assumption of liability for severance compensation having accrued to the former employees of Beech-Nut. The exhibit is material to the case in that it shows how Baker/Beech-Nut could be liable for severance pay to Kingsley for 15 years of employment with it and its predecessor, although Kingsley had worked for Bak-

er/Beech-Nut for only 2 years. The district court permitted the exhibit to be admitted through an amendment to the pre-trial order made prior to commencement of the trial. The district court's amendment, reviewable only for an abuse of discretion, *Davis v. Duplantis,* 448 F.2d 918, 921 (5th Cir. 1971), was entirely proper, especially since Baker/Beech-Nut was a party to and had prior knowledge of the agreement. *See Bettes v. Stonewall Insurance Co.,* 480 F.2d 92, 93–94 (5th Cir. 1973).[1]

### The Award of Exemplary Damages

As noted earlier, Kingsley, in filing its action against Baker/Beech-Nut sought recovery of severance pay due under the Severance Compensation Policy on a pure contract theory. Proof was offered at the trial to show that Baker/Beech-Nut had deliberately breached its contractual obligations to prevent Kingsley from seeking severance compensation, and the jury expressly found that Baker/Beech-Nut had willfully and maliciously breached its contract. Based upon this finding, the district court awarded Kingsley $20,000 in exemplary damages. Fifty-four days from the trial's conclusion and in response to Baker/Beech-Nut's motion for a new trial, Kingsley sought to amend its complaint to include allegations of fraud by Baker/Beech-Nut. The district court granted the amendment and subsequently reaffirmed the award of exemplary damages.

Rule 15(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendments of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time . . ..

Baker/Beech-Nut argues that permitting Kingsley to amend its complaint was improper as the issue of fraud was not tried during the course of the trial, no evidence establishing fraud or deceit on its part was introduced, and the jury was not instructed to make any findings as to whether it had committed fraud. The argument is correct. The only theory on which this case was tried was contract and no part of the trial included any proof relative to fraudulent as opposed to willful and malicious conduct in breach of contractual obligations. The jury was never asked to find whether fraud was practiced. Plaintiff's amendment of his complaint comes much too late to change the theory of the trial. *United States v. City of Brookhaven,* 134 F.2d 442, 445–46 (5th Cir. 1943).

As a result the only issue properly raised in Kingsley's complaint is Baker/Beech-Nut's contractual breach of its Severance Compensation Policy. Under Texas law, a breach of contract, even though accompanied by willful, malicious conduct, will not support recovery of exemplary damages. *Success Motivation Institute, Inc. v. Jamieson Film Co.,* 473 S.W.2d 275 (Tex.Civ.App. 1971). Accordingly, the award of exemplary damages *sub judice* was improper, and we reverse that portion of the district court's judgment.

**AFFIRMED IN PART AND REVERSED IN PART.**

1. Our disposition of the evidentiary issues raised by Baker/Beech-Nut render its arguments contesting its liability to Kingsley meritless. Its arguments of erroneous jury instructions are also without merit.