## CIRCUIT COURT OF WARREN COUNTY

Lloyd A. Storer et al.

v.

Tony J. Tharpe

November 6, 1992

Case No. (Law) 92–114

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on the Defendant's Demurrer to the prayer for punitive damages, the Plaintiff's Motion to Strike Portion of the Defendants' Responsive Pleading, and the Plaintiff's Motion to Nonsuit Wines Construction, Inc. Upon consideration of the argument of the parties and the memorandum of the Plaintiffs, I have made the following rulings.

### I. *Findings of Fact*

The following material facts are established by the pleadings.

On November 13, 1990, the Storers purchased a residence in Warren County, Virginia, from Defendant, Tony Tharpe, who is in the business of building and selling such dwellings.

At the time the Storers purchased the residence from Tharpe, it was a new dwelling.

At the closing, Tharpe provided the Storers with a builder's warranty, which warranted for a period of one year from November 30, 1990, that the residence "would be sufficiently free from structural defects so as to pass without objection in the trade and constructed in a workmanlike manner, except as they may apply to defects in appliances, fixtures and equipment which are covered in accordance with the manufacturer's warranty."

The Plaintiffs claim that the dwelling is not habitable as a result of improper operation of the sewage disposal system installed by the Defendant.

The Plaintiffs also allege that after advising the Defendant Tharpe of the problem with the sewage disposal system, Tharpe's repair attempts were inadequate and failed to correct the problem. Motion for Judgment, para. 12–21.

Paragraph 46 of the Motion for Judgment alleges that:

> The actions of Defendant Tharpe . . . in ignoring all attempts by your Plaintiffs, including correspondence from your Plaintiffs' counsel, to cause said Defendants to remedy the defects in the sewage disposal system, constitute the type of wanton and oppressive action taken with such malice or callous indifferences to civil obligations as to merit the imposition of exemplary and punitive damages . . . .

## II. *Conclusions of Law*

The sale from Tharpe to the Storers is subject to the provisions of Va. Code § 55–70.1, which provides as follows:

> A. In every contract for the sale of a new dwelling, the vendor shall be held to warrant to the vendee that, at the time of the transfer of record title or the vendee's taking possession, whichever occurs first, the dwelling with all its fixtures is, to the best of the actual knowledge of the vendor or his agents, sufficiently (i) free from structural defects, so as to pass without objection in the trade, and (ii) constructed in a workmanlike manner, so as to pass without objection in the trade.
>
> B. In addition, in every contract for the sale of a new dwelling, the vendor, if he be in the business of building or selling such dwellings, shall be held to warrant to the vendee that, at the time of transfer of record title or the vendee's taking possession, whichever occurs first, the dwelling together with all its fixtures is sufficiently (i) free from structural defects, so as to pass without objection in the trade, (ii) constructed in a workmanlike manner, so as to pass without objection in the trade, and (iii) fit for habitation.

The sewage disposal system is subject to the warranty set forth in § 55–70.1. The sewage disposal system is an integral part of the dwelling, and it is "an important and necessary appurtenance to its intended use and so part of it." *Seabright v. Nesselrodt*, 4 Va. Cir. 322, 324–325 (1985).

The fact that the sewage disposal system was constructed "in accordance with the requirements of the Department of Health" and the building code may be evidence supporting a defense to an action asserting that it was not built in a workmanlike manner thereby violating the statutory warranty of § 55–70.1(A) or the express warranty in this case, but it is not a defense to a claim under § 55–70.1(B) if the defect rises to such a level that it renders the dwelling unfit for habitation.

In considering a demurrer, the Court must apply "the settled rule that a demurrer admits the truth of all well-pleaded material facts. All reasonable inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading." *Russo v. White*, 243 Va. 23, 24, 400 S.E.2d 160 (1991), quoting *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373 (1988).

In some states under certain circumstances, willful and wanton disregard of contractual rights or willful and deliberate deviation from the building code by the builder from the contract documents may justify the imposition of punitive damages. See generally, Annot., *Recovery of Punitive Damages for Breach of Building or Construction Contract*, 40 A.L.R. 4th 110. However, Virginia does not follow this rule. In *Foreign Mission Board v. Wade*, 242 Va. 234, 240–241, 410 S.E.2d 384 (1991), the Supreme Court of Virginia held:

> Relying primarily in *Kamlar Corp. v. Haley*, 224 Va. 699, 299 S.E.2d 514 (1983), *Wright v. Everett*, 197 Va. 608, 90 S.E.2d 855 (1956), and *Spence v. Norfolk & W.R. Co.*, 92 Va. 102, 22 S.E. 815 (1895), the Wades assert that "breach of a duty imposed by contract provides the cause of action in tort, and proof of an independent, willful tort is only necessary for the award of punitive damages." The cases cited by the Wades establish the principle that punitive damages are recoverable only if an independent tort is pled and proved. They do not, however, stand for the proposition that the breach of a contractual duty constitutes an independent tort, the basis of a negligence action.
>
> *Wright* and *Kamlar* each addressed the propriety of an award of punitive damages in an action for breach of contract. We recognized that in certain circumstances, the actions of the party breaching the contract can show "both a breach of the contract terms and a tortious breach of duty."

*Kamlar*, 224 Va. at 705, 299 S.E.2d at 517. *But the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract. Spence*, 92 Va. at 116, 22 S.E. at 818. (Emphasis added.)

In this case, the duties allegedly violated flow solely from the contractual relationship between the parties and do not rise to the level on an "independent, willful tort."

The instant case is similar to *Kamlar Corp. v. Haley*, 224 Va. 699, 704–705, 299 S.E.2d 514 (1983), in which a discharged employee sued his former employer alleging that the employer had willfully and maliciously discharged him, and the Supreme Court of Virginia ruled:

> We, too, must view the evidence in the light most favorable to Haley and thus accept the premise that there was evidence to support a finding by the jury that Kamlar discharged Haley with an ulterior motive, in willful disregard of his rights. The dispositive question, then, is whether a bad motive, underlying a breach of contract, in the absence of an independent, willful tort, will support an award of punitive damages . . . .
>
> The question was settled by *Wright v. Everett*, 197 Va. 608, 90 S.E.2d 855 (1956). There, owners of a house sued a real estate broker for his failure to exercise proper care as their rental agent. The action was framed ex delicto, but this was immaterial because the plaintiff could have elected to sue either in tort or in contract. The relationship of the parties arose out of privity of contract, but the facts alleged showed both a breach of the contract terms and a tortious breach of duty. We held:
>
> The general rule is that exemplary or punitive damages (with certain exceptions not here pertinent) are not allowed for breach of contract even though the action is ex delicto and not in assumpsit. [Citations omitted.]
>
> As a general rule, damages for breach of contracts are limited to the pecuniary loss sustained. According to the overwhelming weight of authority, exemplary damages are not recoverable in actions for breach of contract, although there are dicta and intimations in some of the cases to the contrary. This rule does not obtain, however, in those excep-

tional cases where the breach amounts to an independent, willful tort, in which event exemplary damages may be recovered under proper allegations of malice, wantonness, or oppression . . . . [Emphasis added.]

Id. at 615, 90 S.E.2d at 860. Even though the action was brought ex delicto, we found no evidence to support an award of punitive damages in that case.

Damages are awarded in tort actions to compensate the plaintiff for all losses suffered by reason of the defendant's breach of some duty imposed by law to protect the broad interests of social policy. To further protect those interests, punitive damages may be awarded in a proper case, not as the plaintiff's due, but to punish the wrongdoer and to deter similar conduct. Damages for breach of contract, on the other hand, are subject to the overriding principle of compensation. They are within the contemplation and control of the parties in framing their agreement. They are limited to those losses which are reasonably foreseeable when the contract is made. These limitations have led to the "more or less inevitable efforts of lawyers to turn every breach of contract into a tort." [Footnote omitted.] W. Prosser, *Handbook of the Law of Torts*, § 92 (4th Ed. 1971) at p. 614.

The overwhelming weight of authority continues to resist this tendency. Most courts faced, as we are, with the question whether a simple breach of contract, accompanied by ulterior motives, in the absence of an independent tort, justifies an award of punitive damages, have answered the question in the negative. See, e.g., *Splitt v. Deltona Corp.*, 662 F.2d 1142, 1145 (5th Cir. 1981) (applying Florida law); *Kingsley v. Baker/Beech-Nut Corp.*, 546 F.2d 1136, 1142 (5th Cir. 1977) (applying Texas law); *Den v. Den*, 222 A.2d 647, 648 (D.C. App. 1966); *American International Land Corporation v. Hanna*, 323 S.2d 567, 569–70 (Fla. 1975); *Henry Morrison Flagler Museum v. Lee*, 268 So. 2d 434, 437 (Fla. App. 1972); *Garrity v. Lyle Stuart, Inc.*, 40 N.Y.2d 354, 358, 386 N.Y.S.2d 831, 833, 353 N.E.2d 793, 795–96 (1976); *Success Motivation Institute, Inc. v. Jamieson Film Co.*, 473 S.W.2d 275, 282 (Tex. Civ. App. 1971); Restatement (Second) of Contracts § 355 (1979). Some jurisdictions permit punitive damages where the intent of the

breaching party is 'malicious' consisting of 'an evil or rancorous motive influenced by hate; the purpose being to deliberately and willfully injure the plaintiff.' See, e.g., *Food Fair Stores, Inc. v. Hevey*, 275 Md. 50, 55, 338 A.2d 43, 46 (1975), but most jurisdictions have required that the plaintiff allege and prove facts amounting to an independent tort before permitting the recovery of punitive damages.

We adhere to the rule of *Wright v. Everett* in requiring proof of an independent, willful tort, beyond the mere breach of a duty imposed by contract, as a predicate for an award of punitive damages, regardless of the motives underlying the breach.

*Accord, Gasque v. Mooers*, 227 Va. 154, 313 S.E.2d 384 (1984); and *Goodstein v. Weinberg*, 219 Va. 105, 245 S.E.2d 140 (1978). In this case, the allegations of the motion for judgment do not plead an "independent, willful tort."

### III. *Decision*

For the foregoing reasons:

1. Wines Construction, Inc., is nonsuited as a party to this cause.

2. The motion to strike portion of responsive pleading is denied in part and granted in part as herein specified.

3. The demurrer to the claim for punitive damages is sustained.