Sheldon S. MORRIS, Naomi J. Morris, and the Continental Insurance Company, a foreign insurance corporation, Plaintiffs/Appellants,

v.

HOTEL RIVIERA, INC., a Nevada corporation, dba Riviera Hotel, Defendant/Appellee.

No. 82-5734.

United States Court of Appeals, Ninth Circuit.

Submitted March 16, 1983.

Decided April 26, 1983.

Johnson, Pilkington & Reynolds, Las Vegas, Nev., for plaintiffs/appellants.

Cromer, Barker, Michaelson, Gillock & Rawlings, Las Vegas, Nev., for defendant/appellee.

Before WRIGHT, CANBY, and BOOCHEVER, Circuit Judges.

PER CURIAM:

Appellants Sheldon and Naomi Morris and Continental Insurance Company (Continental) seek $75,000 damages for jewels lost when the Morrises were guests of the appellee, Hotel Riviera, Inc. (Riviera). Riviera contends that the Nevada Innkeeper Statute, Nev.Rev.Stat. § 651.010 (1979), limits appellants' potential recovery to $750 and renders them unable to satisfy the $10,000 amount in controversy required by 28 U.S.C. § 1332 (1976) for diversity actions. The Morrises and Continental maintain that the statute violates the fourteenth amendment's equal protection clause and therefore does not impose a valid limit on the amount they can recover. The district court held the statute constitutional and dismissed the action for lack of subject matter jurisdiction. We affirm.

ANALYSIS

I.

Equal Protection

■ To answer the jurisdiction question, we must first decide whether the Innkeeper Statute [1] withstands an equal protection challenge. For local economic regulation not affecting fundamental personal rights or suspect classes we require only that the statutory discrimination be rationally related to a legitimate state purpose. *New Orleans v. Dukes,* 427 U.S. 297, 303, 96 S.Ct. 2513, 2516, 49 L.Ed.2d 511 (1976) (per curiam).

■ The basis for the equal protection challenge in this case is the claim that the statute impermissibly distinguishes between those plaintiffs suing innkeepers for property loss and those bringing personal injury claims. The statute denies only the former class the recovery that was available at common law. However, common law rights may be abolished to attain a permissible legislative objective, and an individual has no vested interest in a common law rule. *Duke Power Co. v. Carolina Environmental Study Group, Inc.,* 438 U.S. 59, 88 n. 32, 98 S.Ct. 2620, 2638 n. 32, 57 L.Ed.2d 595 (1978).

■ Under the rational basis test, courts generally defer to the legislative judgment on what are legitimate state purposes. In *New Orleans v. Dukes,* for example, the Court upheld a local ordinance granting "grandfather rights" only to those pushcart vendors who had operated in the French Quarter of New Orleans for eight years, denying licenses to all others. The purpose of enhancing tourism in the area was obviously legitimate, the Court stated. 427 U.S. at 304, 96 S.Ct. at 2517. The importance of tourism in Nevada's economy similarly bolsters the state interest in regulation of the hotel industry. The purpose of the Nevada statute, relieving innkeepers from the common law rule of total liability, *see Levitt v. Desert Palace, Inc.,* 601 F.2d 684, 685 (2d Cir.1979), falls within the legitimate state goal of furthering the tourist industry by encouraging the operation of hotels and motels.

The next question is whether the statute's classifications are rationally related to that purpose. "Normally, a legislative classification will not be set aside if any state of facts rationally justifying it is demonstrated to or perceived by the courts." *United States v. Maryland Savings-Share Insurance Corp.,* 400 U.S. 4, 6, 91 S.Ct. 16, 17, 27 L.Ed.2d 4 (1970) (per curiam). The likelihood of fraudulent claims for property loss, and the difficulty for innkeepers to prevent crimes involving personal property are reasons justifying a distinction between victims of property loss and personal injury victims.

---

1. The statute limits an innkeeper's liability for a guest's property loss or damage to $750 unless the innkeeper accepts the property for safekeeping and agrees in writing to assume greater liability.

The argument that dividing potential plaintiffs into two classes is impermissible is further discredited by the decision in *Duke Power.* The Court there upheld limitations on liability of owners of nuclear power plants against due process and equal protection challenges. The Court held that the rationality of the limitations, with reference to the purpose of encouraging private participation in nuclear energy development, was "ample justification for the difference in treatment between those injured in nuclear accidents and those whose injuries are derived from other causes." 438 U.S. at 93–94, 98 S.Ct. at 2640–2641. The Nevada legislature was likewise justified in distinguishing between two classes of injuries.

## II.

### Failure to Satisfy Jurisdictional Amount

Application of the Innkeeper Statute to the Morrises and Continental limits their recovery to $750. Because they cannot show they are entitled under Nevada law to recover at least $10,000, the district court correctly dismissed the case for lack of subject matter jurisdiction.

The rule governing dismissal in this case is that "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938) (footnote omitted). A situation which typically meets the legal certainty test occurs where a rule of law or measure of damages limits the amount of damages recoverable. 14 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3702 (1976). *See* 1 J. Moore, J. Lucas, H. Fink, D. Weckstein & J. Wicker, *Moore's Federal Practice* ¶ 0.93[2] (2d ed. 1982). In the instant case, the Innkeeper Statute clearly limits the amount of damages, putting it in this category.

The case is conceptually complicated by the necessity of deciding the constitutionality of the statute in order to determine whether it does, in fact, limit recovery and thus defeat jurisdiction. The procedure followed by the trial court was appropriate, under the principle that "if the attack on jurisdiction requires the court to consider the merits of the case, the court has jurisdiction to proceed to a decision on the merits." *Thornhill Publishing Co., v. General Telephone & Electronics Corp.,* 594 F.2d 730, 734 (9th Cir.1979), *citing Land v. Dollar,* 330 U.S. 731, 739, 67 S.Ct. 1009, 1013, 91 L.Ed. 1209 (1947).

The propriety of this procedure is well demonstrated by *Kalpakian v. Oklahoma Sheraton Corp.,* 398 F.2d 243 (10th Cir. 1968). In a fact situation very similar to that of the instant case, the court of appeals affirmed dismissal of a diversity suit for lack of jurisdiction because a state statute limited the hotel owners' liability for property loss to $300. In order to determine whether plaintiffs could meet the jurisdictional amount, the court was required to decide a statutory construction question, just as the district court here had to decide an equal protection question. In each case, resolving the substantive issue was a prerequisite to a jurisdiction determination, and the approach taken by the court in dismissing the action was proper.

### CONCLUSION

The Nevada Innkeeper Statute withstands the equal protection challenge in this case. It makes no discriminations that are not rationally related to a legitimate state purpose in the sphere of local economic regulation. Because the statute is valid and limits the potential recovery of the Morrises and Continental, the amount in controversy requirement is not met and the action must be dismissed.

AFFIRMED.[2]

---

2. We deny Riviera's request for attorney's fees and costs under Fed.R.App.P. 38.