Robert J. PACHINGER,
Plaintiff-Appellant,

v.

MGM GRAND HOTEL–LAS VEGAS, INC., and Does I through V, Inclusive, Defendants-Appellees.

No. 85–2648.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 15, 1986.

Decided Oct. 15, 1986.

Robert J. Handfuss, Las Vegas, Nev., for plaintiff-appellant.

Janice A. Hodge, Jim Olson, Rawlings, Olson & Cannon, Las Vegas, Nev., for defendants-appellees.

Before FARRIS, NORRIS and HALL, Circuit Judges.

FARRIS, Circuit Judge:

Robert Pachinger appeals from the district court's dismissal for lack of subject-matter jurisdiction. The district court ruled that, because the Nevada Innkeeper statute limited Pachinger's recovery to less than the $10,000 amount-in-controversy required in diversity cases by 28 U.S.C. § 1332, the court lacked jurisdiction. We affirm.

## I.

Upon his arrival at the MGM Grand Hotel in Las Vegas, Pachinger, a jewelry salesman, checked his luggage and jewelry samples with the bellhop at the door. Pachinger told the bellhop that the samples were valuable. The bellhop assured him that the hotel would safeguard the valuables. The bellhop gave Pachinger a claim check that referred to the availability of safe deposit boxes in the hotel and that purported to limit MGM's liability to $250. Inside the lobby Pachinger attempted to follow the bellhop and his bags into an "Employees Only" storage area but was turned away with the assurance that his bags were safe. After checking in and going to his room, Pachinger received his luggage and discovered that one of the cases of jewelry samples was missing. It was never found.

Pachinger sued in the Southern District of Nevada in diversity, alleging that the stolen jewelry was worth approximately $19,000. MGM moved to dismiss for lack of subject matter jurisdiction, contending that the Nevada Innkeeper statute (Nev. Rev.Stat. § 651.010 (1985)) limited MGM's liability to $750, thus depriving the federal court of jurisdiction for lack of the $10,000 amount in controversy. Pachinger responded by arguing that the Nevada statute did not apply because he was not a "guest" at the time of the theft and did not receive the notice required in § 651.010. He also argued that the $250 limitation on the claim check is ineffective because of non-compliance with the notice provisions in § 651.010 and as against public policy.

The district court held that because the statute limited Pachinger's recovery to $750, he did not meet the $10,000 amount in controversy and that the court therefore lacked subject matter jurisdiction under 28 U.S.C. § 1332. We review dismissals for lack of subject-matter jurisdiction *de novo*. *McIntyre v. United States*, 789 F.2d 1408, 1410 (9th Cir.1986).

## II.

The amount in controversy is normally determined from the face of the pleadings. In the seminal case, *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938), the Supreme Court described the test this way:

> The rule governing dismissal for want of jurisdiction in cases brought in federal court is that, unless the law gives a

different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.

It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. *Id.* (footnotes omitted).

Wright, Miller, and Cooper describe the application of the legal certainty test:

Generally speaking, the legal certainty test makes it very difficult to secure a dismissal of a case on the ground that it does not appear to satisfy the jurisdictional amount requirement. Only three situations clearly meet the legal certainty standard: 1) when the terms of a contract limit the plaintiff's possible recovery; 2) when a specific rule of law or measure of damages limits the amount of damages recoverable; and 3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction.

14A Wright, Miller, and Cooper, Federal Practice and Procedure, Jurisdiction, § 3702 at 48–50 (2d ed. 1985).

Following the tenor of Wright, Miller, and Cooper, in the Ninth Circuit we have permitted a determination of "legal certainty" when a rule of law or limitation of damages would make it virtually impossible for a plaintiff to meet the amount-in-controversy requirement. For example, in *Morris v. Hotel Riviera, Inc.*, 704 F.2d 1113 (9th Cir.1983), we affirmed a dismissal for lack of subject-matter jurisdiction when a Nevada hotel asserted the same innkeeper limitation of liability that MGM asserts here (§ 651.010). The plaintiffs in *Morris* contended that the statute violated the equal protection clause and thus did not operate as a limit on the hotel's liability. We held that the statute did not violate the Morrises' right to equal protection and that they consequently fell short of the jurisdictional amount. *Id.* at 1114–15. We noted in *Morris* that our analysis resulted in a determination on the merits prior to a determination of jurisdiction (i.e., a Fed.R. Civ.P. 12(b)(6) or Rule 56 determination before a Rule 12(b)(1) determination), but we found support both in prior cases and in the propriety of deciding the applicability of a rule of law which would limit the plaintiff's recovery to a "legal certainty" below $10,000. *Id.* at 1115.

■ We see no reason to depart from *Morris*. In so doing we do not ignore cases that disagree with our analysis. *See, e.g., Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir.1982). We conclude that in the few cases involving a rule or measure of damages that limits liability, we may go beyond the pleadings for the limited purpose of determining the applicability of the rule or measure of damages.

### III.

■ In order to decide the jurisdictional question, we must first determine whether § 651.010 applies to Pachinger. Section 651.010(2) states that where a hotel provides a safe deposit box and notice of this service either is personally given to a guest or is posted in the office and the guest's room, the hotel is not liable for property not offered for deposit unless the hotel was grossly negligent. Appellant was personally given notice of the existence of the safe deposit box service when he checked his bags and received in return a claim check stating that the hotel assumed only limited liability for checked baggage and that a safe deposit box service for valuables was available in the hotel. Thus, in Pachinger's case, proper notice under § 651.010 was effected.

■ Appellant contends, however, that he was not a guest at the time he received his claim check, and that § 651.010 is therefore inapplicable to him. We disagree. Pachinger behaved as a guest of the hotel and made use of the baggage check service provided specifically for guests of the hotel. As the district court properly remarked, "the legal relationship of innkeeper and guest was established at the time plaintiff checked his luggage with the hotel and received his claim check containing the declaration of liability limitations." Order Granting Defendant's Motion to Dismiss, at

3, *Pachinger v. MGM Grand Hotel, Inc.*, (D.Nev.1985). 618 F.Supp 218. The district court did not err in holding that Pachinger was a guest and that, as a result, his recovery was limited by § 651.010 to $750.

Pachinger argues on appeal that, because of the bellhop's assurances, MGM is estopped to argue the limitation of liability in § 651.010. This argument was not raised in the district court and is not referred to in MGM's brief. Under the practice that appellate courts will not normally hear arguments that are not raised in the district court, *Quinn v. Robinson*, 783 F.2d 776, 814 (9th Cir.1986), we do not address this issue. None of the exceptions to this practice are applicable. *See Bolker v. Commissioner*, 760 F.2d 1039, 1042 (9th Cir.1985).

Pachinger also raises the argument, not reached by the district court, that the claim check's limitation of liability is ineffective. We need not address this argument since we agree with the district court that § 651.010 is applicable. Because § 651.010 limits Pachinger's potential recovery to $750, the claim check's limitation on liability is immaterial.

AFFIRMED.