979 F.2d 854
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John BADEA, Plaintiff-Appellant,
v.
Mark BLEDSTEIN, Defendant-Appellee.
 No. 91-56005.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 12, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Badea appeals pro se the district court's dismissal of his action pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291. The existence of subject matter jurisdiction is a question of law which we review de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We reverse and remand.
 
 
 3
 District courts have jurisdiction in civil actions where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $50,000, exclusive of interest and costs. 28 U.S.C. § 1332. Generally, the amount in controversy is determined from the face of the pleadings. Pachinger v. MGM Grand Hotel-Las Vegas, Inc., 802 F.2d 362, 363 (9th Cir.1986). Nevertheless, if it appears to a legal certainty that the claim is really for less than the jurisdictional amount, then dismissal is proper. Id. at 364 (citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938)). Thus, dismissal is proper where the facts show that the amount of damages was claimed merely to obtain federal court jurisdiction. Pachinger, 802 F.2d at 364.
 
 
 4
 Here, Badea filed a malpractice action against I. Martin Bledstein, his former attorney who represented Badea in criminal proceedings. Badea alleged claims for breach of contract and negligence. Badea sought return of his $9,000 retainer and damages "in excess of $20,000" for "loss of personal and business property, loss of income and wages, and court fines" and "severe mental and emotional suffering, fright, anguish, shock, nervousness and anxiety." The district court issued an order to show cause why the action should not be dismissed for lack of jurisdiction for failure to meet the jurisdictional amount. In response, Badea filed an amended complaint alleging the same claims and asserting damages in excess of $50,000. The district court dismissed the action for lack of subject matter jurisdiction.
 
 
 5
 In his amended complaint, Badea properly alleged that the amount in controversy exceeded $50,000. See Pachinger, 802 F.2d at 363-64. We cannot say that it appears to a legal certainty that the claim is really for less than that amount. See id. at 364. Accordingly, we reverse the district court's dismissal of Badea's action for lack of subject matter jurisdiction. See Kruso, 872 F.2d at 1421.
 
 
 6
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3