2 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bernard THOMPSON, Plaintiff-Appellees,
v.
Reginald TURNER; Reginald Turner Management Group, Inc.,
Defendants-Appellants.
 No. 92-56491.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1993.*
Decided July 7, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Reginald Turner and the Reginald Turner Management Group (collectively "Turner") appeal the district court's order confirming an arbitration award in favor of Bernard Thompson in the amount of $219,138.36 and denying Turner's motion to vacate the award. We have jurisdiction under 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 * Subject Matter Jurisdiction
 
 
 4
 Turner contends that the district court did not have subject matter jurisdiction because the amount in controversy was below $50,000.00. This contention lacks merit.
 
 
 5
 The existence of subject matter jurisdiction is a question of law reviewed de novo. Kruso v. International Tel & Tel Co., 872 F.2d at 1416, 1421 (9th Cir.1989). "District courts ... have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. Sec. 1331. Additionally, district courts have jurisdiction in civil actions where there is diversity of citizenship and the amount in controversy exceeds $50,000. 28 U.S.C. Sec. 1332(a). The sum claimed by the plaintiff in his or her complaint normally controls the amount in controversy. Pachinger v. MGM Grand Hotel-Las Vegas, Inc., 802 F.2d 362, 363 (9th Cir.1986).
 
 
 6
 Here, the record discloses that subject matter jurisdiction based on diversity was proper because there is complete diversity among the parties, the initial amount agreed upon was over $50,000, and the amount of the final judgment is $219,138.36. See Pachinger, 802 F.2d at 363. Accordingly the district court did not err by maintaining subject matter jurisdiction in this action. See id.
 
 II
 Personal Jurisdiction
 
 7
 Turner contends that the district court lacks personal jurisdiction over him because he is not a proper party to this action. We decline to consider legal issues not raised or ruled upon in the district court. See Benny v. Pipes, 799 F.2d 489, 492 (9th Cir.1986). Examples include those matters that can be urged by way of a Rule 12 motion that are waived unless made with the answer. See e.g., Fed.R.Civ.P. 12(h)(1); Benny, 799 F.2d 489, 492 (a general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction), amended on other grounds, 807 F.2d 1514 (9th Cir.), cert. denied, 484 U.S. 870 (1987). Because Turner did not present this issue to the district court, we decline to consider this issue on appeal. See id.
 
 III
 
 8
 Timeliness of Motion To Vacate Arbitration Award
 
 
 9
 Turner contends that even though his motion to vacate the arbitration award was untimely, justice requires his arguments to be heard. This contention lacks merit.
 
 
 10
 A notice of a motion to vacate an arbitration award must be served on the opposing party within three months after the award is filed or delivered. 9 U.S.C. Sec. 12. "An unsuccessful party at arbitration who did not move to vacate the award within the prescribed time may not subsequently raise, as affirmative defenses in a suit to enforce the award, contentions that it could have raised in a timely petition to vacate the award." Brotherhood of Teamsters & Auto Truck Drivers v. Celotex Corp., 708 F.2d 488, 490 (9th Cir.1983).
 
 
 11
 Here, Turner concedes that his motion to vacate the arbitration award was filed beyond the three month time-line as prescribed by 9 U.S.C. Sec. 12. The award was dated September 29, 1991 and delivered on October 2, 1991. Turner filed his motion to vacate the award on May 11, 1992. He cannot now raise contentions that he could have raised in a timely motion to vacate the award. See Celotex, 708 F.2d at 490. Accordingly, the district court did not err by dismissing as untimely Turner's motion to vacate the award. See id.
 
 IV
 Sanctions
 
 12
 The defendants seek an award of attorney's fees and double costs on appeal, under 28 U.S.C. Sec. 1912 and Fed.R.App.P. 38. "Awarding sanctions for frivolous appeals lies in the sound discretion of this court." Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 527 (9th Cir.1991). "An appeal is considered frivolous in this circuit when the result is obvious, or the appellant's arguments of error are wholly without merit." Id. (citations omitted).
 
 
 13
 Although Turner's argument's on appeal may be without merit, they are not frivolous and do not warrant sanctions.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3