21 F.3d 1113
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leo GOLDBERG, Plaintiff-Appellant,
v.
NVR MORTGAGE; Does 1 Through 10, Defendants-Appellees.
 No. 92-56624.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 12, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leo Goldberg appeals pro se the district court's dismissal without prejudice of his action alleging fraud, breach of contract, and breach of the covenant of good faith and fair dealing against NVR Mortgage and others. The district court concluded that it lacked subject matter jurisdiction over Goldberg's action. We have jurisdiction to review the district court's decision under 28 U.S.C. Sec. 1291,[1] and we affirm.
 
 
 3
 The existence of subject matter jurisdiction is reviewed de novo. Reebok Int'l, Ltd. v. Marnatech Enters., Inc., 970 F.2d 552, 554 (9th Cir.1992). The district court's factual findings on jurisdictional issues are reviewed for clear error. Id.
 
 
 4
 Goldberg filed a complaint against NVR Mortgage and Does 1 through 100 alleging fraud and breach of contract and asserting diversity jurisdiction under 28 U.S.C. Sec. 1332. Goldberg alleged that he was a resident of California and that NVR Mortgage, a limited partnership, and the Does were residents of Virginia. The district court issued an order to show cause why the complaint should not be dismissed for lack of subject matter jurisdiction. The court advised Goldberg that his complaint was deficient because it (1) set forth the residence, rather than the citizenship of the parties, (2) failed to allege the citizenship of each NVR Mortgage limited partner, and (3) did not allege an amount in controversy over $50,000. In response to the order, Goldberg filed an amended complaint[2] which the district court subsequently dismissed without prejudice for lack of subject matter jurisdiction.
 
 
 5
 A plaintiff may invoke federal court diversity jurisdiction where each defendant is a citizen of a different state than each plaintiff, and the amount in controversy exceeds $50,000, exclusive of interests and costs. 28 U.S.C. Sec. 1332(a); Inecon Agricorp. v. Tribal Farms, Inc., 656 F.2d 498, 500 (9th Cir.1981). Where a partnership is a party, the citizenship of each partner is considered for diversity purposes, and none of the partners can be a citizen of the same state as any opposing party. See Mutuelles Unies v. Kroll & Linstrom, 957 F.2d 707, 711 (9th Cir.1992). For diversity jurisdiction purposes, "[t]he amount in controversy is normally determined from the face of the pleadings." Pachinger v. MGM Grand Hotel-Las Vegas, Inc., 802 F.2d 362, 363 (9th Cir.1986).
 
 
 6
 Here, Goldberg failed to amend his complaint to resolve all of the deficiencies identified by the district court. First, although he only alleged actual damages of $15,600, Goldberg added a claim for punitive damages which appears sufficient to meet the jurisdictional minimum for the amount in controversy. See Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238, 240 (1943). Nevertheless, Goldberg continued to allege only the residence, not the citizenship, of each of the parties named in his amended complaint. See 28 U.S.C. Sec. 1332(a); Rilling v. Burlington N. R.R. Co., 909 F.2d 399, 400 (9th Cir.1990) (no diversity jurisdiction where plaintiff made no allegations respecting citizenship of defendant). Moreover, despite the court's notice, Goldberg did not allege the citizenship of each NVR Mortgage partner. See Mutuelles Unies, 957 F.2d at 711. Instead, in his amended complaint, Goldberg alleged that NVR was a "limited Virginia partnership." Thus, because Goldberg failed properly to allege jurisdiction despite the district court's explicit notice and instructions, his action properly was dismissed for lack of subject matter jurisdiction.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Goldberg's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court's dismissal without prejudice was a final appealable decision under section 1291 because it was intended to end the litigation in the present action. See McGuckin v. Smith, 974 F.2d 1050, 1053-54 (9th Cir.1992)
 
 
 [2]
 Goldberg's amended complaint included a new claim for breach of the covenant of good faith and fair dealing and added as defendants Gerald F. Luttrell, allegedly a resident of Virginia, and NVR Savings Bank, a corporation which allegedly was incorporated and had its "primary residence" in Virginia. He did not allege the citizenship of these parties nor the principal place of business of NVR Savings Bank. See 28 U.S.C. Sec. 1332(a), (c); Industrial Techonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir.1990)