**BUDGET RENT–A–CAR SYSTEMS, INC., Plaintiff,**

v.

**Alan STAUBER, Tammie Deponte, George Higashiguchi, and Sharon Higashiguchi, Defendants.**

Civ. No. 93–00936 SPK.

United States District Court, D. Hawaii.

April 28, 1994.

Carleton B. Reid of Reid, Richards & Miyagi, Honolulu, HI, for plaintiff Budget Rent–A–Car Systems Inc.

Laureen L. Martin of Tateishi & Apo, Wailuku, Maui, HI, for defendants George and Sharon Higashiguchi.

*ORDER GRANTING DEFENDANTS GEORGE AND SHARON HIGASHIGUCHI'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION*

SAMUEL P. KING, District Judge.

This matter came on for hearing at 9:30 a.m. on April 28, 1994 on Defendants George and Sharon Higashiguchi's Motion to Dismiss for Lack of Subject Matter Jurisdiction. Carleton B. Reid of Reid, Richards & Miyagi represented plaintiff Budget Rent–A–Car Systems, Inc. Laureen L. Martin of Tateishi & Apo represented defendants George and Sharon Higashiguchi. The court, having read the motion, memoranda in support, opposition and reply thereto, having heard arguments of counsel and being otherwise apprised of all the circumstances therein, hereby GRANTS defendant's motion to dismiss for the following reasons.

I.

*Background/Underlying Facts*

On March 8, 1992, defendant Alan Stauber ("Stauber") rented a car from plaintiff Budget Rent–A–Car ("Budget") in Maui. The same day, Stauber and co-defendant Tammie Deponte ("Deponte") went to co-defendants George and Sharon Higashiguchi's ("George" and "Sharon," respectively) residence in Pukalani, Maui, and attempted to abduct George and Sharon's granddaughter Daphne, and allegedly assaulted George and Sharon.

During the attempted abduction, George leaned into the driver's door of the rental

vehicle in an attempt to remove the keys from the ignition. He was thrown against the car and eventually fell to the ground and the car ran over his right foot. Sharon sustained injuries while being pushed from the car.

On December 3, 1993, Budget, as a self-insurer for automobile insurance pursuant to Haw.Rev.Stat. §§ 431:10C–104 and 105, filed a declaratory judgment action in this court seeking a declaration that they do not owe a duty to defend and/or indemnify Deponte against any claims that may be made by George and/or Sharon arising out of the incident.

■ George and Sharon move to dismiss for lack of subject matter jurisdiction, asserting that the amount in controversy does not exceed $50,000 exclusive of interest and costs.

## II.

A. *Legal Standard: "Legal Certainty that the Claim Is Really for Less Than the Jurisdictional Amount."*

In *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938), the U.S. Supreme Court articulated the controlling standard for analyzing amount in controversy issues, the "legal certainty" test:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.
>
> It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.

303 U.S. at 288–89, 58 S.Ct. at 590.

The Ninth Circuit has permitted a determination of "legal certainty" when "a rule of law or limitation of damages would make it virtually impossible for a plaintiff to meet the amount in controversy requirement." *Pachinger v. MGM Grand Hotel—Las Vegas, Inc.,* 802 F.2d 362, 364 (9th Cir.1986). *See also Morris v. Hotel Riviera, Inc.,* 704 F.2d 1113 (9th Cir.1983) (Nevada statute limited innkeeper's liability to below jurisdictional amount).

■ As a general rule, plaintiff's allegation that the matter in controversy exceeds the jurisdictional amount requirement is sufficient to meet the amount in controversy test, unless challenged. Once challenged, the party seeking to invoke the jurisdiction of the federal courts has the burden of proving its existence by showing that it does not appear to a legal certainty that its claim is for less than the jurisdictional amount. 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure,* § 3702 at 48–50 (2d ed. 1985) ("Wright and Miller").

Wright and Miller further note:

> Generally speaking, the legal certainty test makes it very difficult to secure a dismissal of a case on the ground that it does not appear to satisfy the jurisdictional amount requirement. Only three situations clearly meet the legal certainty standard: 1) when the terms of a contract limit the plaintiff's possible recovery; 2) when a specific rule of law or measure of damages limits the amount of damages recoverable; and 3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction.

*Id.*

The present case falls into the first situation. Budget's policy has a $35,000 statutory minimum per person bodily injury limit. Therefore, it appears to a legal certainty that absent aggregation of claims, the matter in controversy does not exceed the $50,000 jurisdictional requirement of 28 U.S.C. § 1332.[1]

---

1. Budget argues that the duty to defend should be taken into account in calculating the amount in controversy for jurisdictional purposes. Even if the duty to defend were properly included in the calculus, Budget has the burden of showing that due to the cost of providing a defense, it does not appear to a legal certainty that its claim is for less than the jurisdictional amount, *see St. Paul Mercury Indemnity Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938), or in excess of $15,000. Budget has not done so.

## B. *Aggregation of Claims.*

Budget argues that even if the \$35,000 per person policy limit does not satisfy the \$50,000 amount in controversy, it should be able to aggregate the claims to do so. The standard for aggregation of claims is whether the claims are "common and undivided" or "separate and distinct." *Zahn v. International Paper Co.*, 414 U.S. 291, 293–94, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). *See also Snyder v. Harris*, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969). If the claims are "common and undivided," aggregation is permissible. In addition, the Ninth Circuit has held that aggregation is proper only if the claims "derive from rights which they hold in group status." *Potrero Hill Community Action Committee v. Housing Authority*, 410 F.2d 974, 978 (9th Cir.1969).

*Moore's Federal Practice* notes that "it is clear that personal injury claims are separate and distinct, even when they arise from a single event." 1 *Moore's Federal Practice*, ¶ 0.97[3] at 922 (1993) citing *Tobie v. Don Pepe Corp.*, 646 F.Supp. 620 (D.P.R.1986) (physical and mental injuries from cockroach in food). In the present case, the claims are by two separate potential plaintiffs with injuries to different parts of their bodies, arising out of different physical circumstances. The court finds that the claims are "separate and distinct," and therefore may not be aggregated to meet the jurisdictional amount requirements of 28 U.S.C. § 1332.

### III.

For the foregoing reasons, defendants George and Sharon Higashiguchi's Motion to Dismiss for Lack of Subject Matter Jurisdiction is GRANTED.

IT IS SO ORDERED.