**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

# FILED

APR 28 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTINE ELIZABETH REULE, | No. 09-36154 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01591-MJP |
| v. | |
| H.O. SEIFFERT COMPANY, doing business as EDS Everett Downtown Storage; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted April 5, 2011[**]

Before:     B. FLETCHER, CLIFTON, and THOMAS, Circuit Judges.

Christine Elizabeth Reule appeals pro se from the district court's judgment

dismissing her complaint alleging violations of the Racketeer Influenced and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Reule's request for oral argument is denied.

Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, and state law in connection with the sale of her property stored in a rental storage unit. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1990). We affirm.

The district court properly dismissed Reule's RICO claim because she failed to allege facts to support the existence of a criminal enterprise, and failed to sufficiently plead two or more predicate criminal acts constituting "a pattern . . . of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 & n.14 (1985).

The district court properly dismissed Reule's state law claims for lack of diversity jurisdiction because she failed to allege facts establishing that the amount in controversy exceeded $75,000. *See* 28 U.S.C. §1332(a); *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986) (dismissal is appropriate when it appears "to a legal certainty that the claim is really for less than the jurisdictional amount"(citation and internal quotation marks omitted)); *see also Gaglidari v. Denny's Restaurants, Inc.*, 815 P.2d 1362, 1374 (Wash. 1991) (damages for emotional distress are generally not recoverable for breach of contract claims under Washington law).

Reule's remaining contentions, including those regarding additional state law claims, appointment of counsel, and discovery, are unpersuasive.

**AFFIRMED.**