**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE L. RUBIO, | No. 14-16795 |
| Plaintiff - Appellant, | D.C. No. 1:13-cv-01470-AWI-GSA |
| v. | |
| RUSH CARD; THE BANCORP BANK, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted June 22, 2015[**]

Before:    HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

California civil detainee Jorge L. Rubio appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims arising out of defendants' alleged refusal to disburse funds from a pre-paid debit card. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Barren v.*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Dismissal of Rubio's state law claims was not an abuse of discretion in the absence of any cognizable federal claims. *See* 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction over state law claims upon the dismissal of the federal claims); *see also* 28 U.S.C. § 1332(a) (setting forth requirements for federal diversity jurisdiction); *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986) (explaining the legal certainty standard for the amount-in-controversy requirement); *cf. Zhang v. Superior Court*, 304 P.3d 163, 167 (Cal. 2013) (under California's Unfair Competition Law, a private plaintiff's relief is generally limited to injunctive relief and restitution).

We do not consider Rubio's federal claims because Rubio did not present any discernible arguments in his opening brief regarding the dismissal of his federal claims. *See Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1020 (9th Cir. 2011) (pro se appellant waived issue not supported by argument in opening brief).

The district court did not abuse its discretion in dismissing Rubio's action without leave to amend because amendment would have been futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (standard of review).

**AFFIRMED.**