NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELI MELLOR,<br><br>                    Plaintiff-Appellant,<br><br>   v.<br><br>WEST TROP STORAGE, LLC, DBA<br>Great American Storage Solutions,<br><br>                    Defendant-Appellee. | No. 15-15624<br><br>D.C. No. 2:13-cv-01502-JCM-<br>VCF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Eli Mellor appeals pro se from the district court's judgment dismissing for

lack of subject matter jurisdiction his diversity action arising from the sale of his

property after he failed to pay rent on his storage unit.  We have jurisdiction under

---

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo the district court's dismissal for lack of subject matter jurisdiction, *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015), and for abuse of discretion the district court's denial of leave to amend, *AE v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). We reverse and remand.

The district court properly dismissed Mellor's action for lack of subject matter jurisdiction because Mellor failed to allege facts sufficient to show that the amount in controversy was satisfied. *See* 28 U.S.C. § 1332(a) (requirements for diversity jurisdiction); *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363-64 (9th Cir. 1986) ("The amount in controversy is normally determined from the face of the pleadings. . . . It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." (citation and internal quotation marks omitted)); *see also Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1083 (9th Cir. 2015) ("Punitive damages require a showing by clear and convincing evidence that Defendants acted with oppression, fraud or malice, express or implied." (citing NRS § 42.005; emphasis and internal quotation marks omitted)).

However, the district court abused its discretion in denying Mellor's motion for leave to amend because it is not clear that amendment would be futile. *See AE*,

2                                                                 15-15624

666 F.3d at 636 (setting forth the bases for denial of amendment); *see also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (explaining that leave to amend should be granted if it appears at all possible that a pro se plaintiff can correct the defect in the pleading). Accordingly, we reverse the judgment and remand for further proceedings consistent with this disposition. On remand, the district court should make a specific finding that the parties are diverse. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that an "LLC is a citizen of every state of which its owners/members are citizens").

We do not consider arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**REVERSED and REMANDED.**