**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

REDI-CO, LLC, an Oregon limited
liability company,

        Plaintiff-Appellant,

v.

PRINCE CASTLE, LLC, a Delaware
limited liability company,

        Defendant-Appellee.

</td><td>

No.   16-35224

D.C. No. 3:15-cv-01810-HZ

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted March 7, 2018
Portland, Oregon

Before: FISHER, N.R. SMITH, and HURWITZ, Circuit Judges.

Redi-Co, LLC appeals the district court's decision dismissing this case for
lack of subject matter jurisdiction, because Redi-Co failed to meet the amount in
controversy requirement for diversity jurisdiction. We reverse, and remand.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The Uniform Commercial Code (U.C.C.) § 1-303(f) provides that "a course of performance is relevant to show a waiver or modification of any term inconsistent with the course of performance." U.C.C. § 1-303(f); Or. Rev. Stat. § 71.3030(6) (providing that "course of performance is relevant to show a waiver or modification of any term inconsistent with the course of performance"); 810 Ill. Comp. Stat. 5/1-303(f) (same).[1] As interpreted by the Oregon and Illinois courts, U.C.C. § 1-303(f) allows course of performance evidence to be used to prove *waiver* of an express term in a contract. *Midwest Builder Distrib., Inc. v. Lord & Essex, Inc.*, 891 N.E.2d 1, 28 (Ill. App. Ct. 2007) (holding that "under the UCC, the course of performance is more than an interpretive tool; it may also give rise to waiver of express contractual terms if those terms are not strictly adhered to"); *Deerfield Commodities, Ltd. v. Nerco, Inc.*, 696 P.2d 1096, 1111-12 (Or. Ct. App. 1985) (analyzing whether the course of performance at issue amounted to a "waiver" under Oregon law, but ultimately rejecting the argument on the facts before the court).

---

[1]The parties' contract did not contain a choice of law clause. However, the district court and the parties agree that Oregon and Illinois law are the same on the issues resolved by the district court. The district court analyzed both Oregon and Illinois law and determined that both had adopted the U.C.C. provision at issue and that both states interpreted the provision in the same way. We agree that Oregon and Illinois law are the same on the issues at hand and thus find it unnecessary to resolve the choice of law issue.

Accordingly, the district court erred in rejecting Redi-Co's course of performance evidence as a matter of law. If Redi-Co proves its claim that Prince Castle waived the damages limitation in the parties's agreement by demanding additional units be kept on hand, then Redi-Co could establish damages in excess of the jurisdictional minimum. This possibility of recovery above the jurisdictional minimum is sufficient to support jurisdiction. *See Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363-64 (9th Cir. 1986) (concluding that to dismiss a claim for lack of subject matter jurisdiction under the amount in controversy requirement "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount" (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938))).

We decline to reach the additional arguments Prince Castle, LLC raises as alternative grounds to affirm. The district court did not address these issues, so we remand the case for consideration of these issues in the first instance in the district court.

**REVERSED and REMANDED.**