**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KEYRON LAMONTE BINNS,

Plaintiff-Appellant,

v.

AMERICAN GENERAL LIFE AND
ACCIDENT INSURANCE COMPANY,
AIG; CANDY JOHNSON, Analyst;
SHARITA DOUGLAS-LANE, Analyst;
ROSALIND BUSH, Analyst; ADRIENE
WHITFIELD-SWINTON, Senior Analyst;
BRIAN DUPERREAULT, President &
CEO; MARIA DAY, Senior Executive
Assistant,

Defendants-Appellees.

No. 21-16854

D.C. No.
2:20-cv-01120-TLN-KJN

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted August 10, 2023**
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: WALLACE, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Plaintiff Keyron Binns appeals pro se from the district court's dismissal of his action for lack of subject matter jurisdiction. We review the dismissal de novo. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009). We affirm.

Binns brought breach of contract and fraud claims, asserting 42 U.S.C. § 1983 as a basis for subject matter jurisdiction. He did not allege his civil rights were violated and never argued that he made § 1983 claims. *Cf. Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (per curiam). His citation to § 1983 did not transform his state law claims into federal claims. *See Franklin v. Oregon*, 662 F.2d 1337, 1343–44 (9th Cir. 1981). Because his claims did not arise under the United States Constitution or the laws of the United States, there was no federal question jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 118 S. Ct. 1003, 1010, 140 L. Ed. 2d 210 (1998); *see also Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002); *cf. Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir. 1991).

Binns failed to establish diversity jurisdiction because it is legally certain that his claims could not reach the requisite amount in controversy ($75,000). *See* 28 U.S.C. § 1332(a)(1); *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363–64 (9th Cir. 1986); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*,

303 U.S. 283, 288–89, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938). The maximum insurance benefit of $1,000 was clear on the face of the documents that Binns attached to his complaint, and his assertions to the contrary are plainly frivolous. Because the insurance policy limited recovery, dismissal on amount in controversy grounds was appropriate. *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015); *Pachinger*, 802 F.2d at 364. Because there was no federal subject matter jurisdiction, the district court did not retain supplemental jurisdiction over Binns's breach of contract and fraud claims. *See Scott*, 306 F.3d at 664.

**AFFIRMED.** All pending motions are **DENIED**.