## MINICK v. ASSOCIATES INV. CO. et al.
### No. 7367.

United States Court of Appeals for the District of Columbia.

Argued Jan. 10, 1940.

Decided Feb. 12, 1940.

Jacob N. Halper and Stanley H. Kamerow, both of Washington, D. C., for appellant.

William R. Lichtenberg, of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

### PER CURIAM.

Appellant (plaintiff) filed his complaint in the District Court of the United States for the District of Columbia, alleging that at the request of the owner of a certain automobile he did repair work thereon, for which he charged $114, plus $30 for storage, and thereby acquired a garage keeper's lien; that, after completion of the work, appellees (defendants) claimed the automobile and demanded possession; that appellant refused to deliver the automobile until his charges were paid; that appellees thereupon tendered appellant a check in payment, which appellant accepted and in reliance on the payment thereof released his lien; and that appellees thereupon stopped payment on the check. The complaint demanded judgment against appellees for $114, the amount of the check, and $30, the amount of the storage charge, and punitive damages in the sum of $10,000. Appellees moved for judgment on the ground that the court had no jurisdiction of the subject-matter of the cause. This motion was sustained and judgment entered dismissing the cause.

By Act of March 3, 1921,[1] Congress extended the exclusive jurisdiction of the Municipal Court of the District of Columbia to all civil cases in which the claimed value of personal property or the debt or damages claimed, exclusive of interest and costs, does not exceed $1,000.

The complaint charges that the defendants "wilfully, wantonly, and maliciously" stopped payment of the check. This is the equivalent of saying—wilfully, wantonly, and maliciously breached its con-

---

[1] 41 Stats. 1310, D.C.Code, Tit. 18, sec. 193.

tract to pay the charges. But it is well settled that no punitive damages will be allowed for breach of contract, regardless of defendants' motive. Plaintiff is confined to interest as the only recovery for the breach in excess of actual loss. Loudon v. Taxing Dist., 104 U.S. 771, 26 L. Ed. 923; Young v. Main, 8 Cir., 72 F.2d 640; Baumgarten v. Alliance Assur. Co., C.C., 159 F. 275; Williston on Contracts, Sec. 1340; Restatement of Contracts, Sec. 342. Even in a tort case, except perhaps where the complaint sets out circumstances of extreme aggravation, punitive damages are not allowable. Ballard v. Spruill, 64 App.D.C. 60, 74 F.2d 464; 15 Am.Jur., Damages, Sec. 278. Here, the actual damages recoverable being for a sum within the exclusive jurisdiction of the Municipal Court, the District Court of the United States had no jurisdiction, and a mere ad damnum clause will not confer it. North American Trans. Co. v. Morrison, 178 U.S. 262, 20 S.Ct. 869, 44 L.Ed. 1061. The cause was properly dismissed.

Affirmed.