## GOLDBERG v. ROUMEL.

### No. 231.

Municipal Court of Appeals for the
District of Columbia.

Dec. 14, 1944.

Harry Friedman, of Washington, D. C., for appellant.

Samuel W. McCart, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

Appeal from an order dismissing plaintiff's second amended particulars of demand. The motion to dismiss was based on two grounds: (1) That the particulars of demand failed to state a cause of action, and (2) that the relief demanded was less than the minimum jurisdiction of the court. In granting the motion the trial judge filed no memorandum and assigned no reason. We must hold the dismissal to have been erroneous.

In the Municipal Court there are three classes of so-called "debt" actions: (1) Those of Class A, where the amount claimed exceeds $500 but is within the $3000 fixed by statute as the court's maximum jurisdiction, and which under Municipal Court rules, (see new rules effective October 2, 1944, Rules 2 and 3) are commenced by filing a complaint in the same form as under the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; (2) Class B cases, where the claim is for more than $50 but not more than $500; and (3) Class C cases, where the amount claimed is $50 or less,

and which by statute[1] are required to be filed exclusively in the Small Claims Branch.

This case, being for more than $50 but not more than $500, was properly commenced by filing a bill of particulars as prescribed by rule for Class B cases. The rule then in force (Rule 2, Sec. 3) and which governs here, provides: " * * * no formal pleadings shall be required but such suits shall be filed by the delivery to the clerk of a bill of particulars * * * which bill of particulars if the suit be upon a contract, express or implied, shall consist of an itemized statement of the account, or of the nature of the demand * * *." The rule has been in effect since the Municipal Court was, by act of Congress, Mar. 3, 1921, 41 Stat. 1312, Ch. 125, made a court of record. Seemingly it has served so well that it has been adopted into the latest rules of the trial court (Rules effective October 2, 1944, Part II, Rule 2). As we understand the rule, and as it has worked out in practice in many thousands of cases, its purpose has been to provide a brief, simple form of initial pleading to meet the informality which has been striven for in handling cases in that group. The bill of particulars was never intended to be a formal pleading or to follow any rigid pattern. Its function was merely to inform the defendant of the nature of the case he was called upon to meet. No "issue" in the formal sense was ever intended to be created, and no answering pleading was required of the defendant. The practice has always been that the parties went to trial on the basis of the brief statement in plaintiff's demand.

■ The bill of particulars in this case conforms to the rule and the practice. Plaintiff alleges that as tenant in an apartment-house he called upon his landlord to perform certain painting and refinishing necessary to bring the apartment up to the minimum service standard under the Emergency Rent Act,[2] that defendant refused to do so, and that he thereupon had the work performed; that its reasonable value was $115.08; that under Section 10 of the Rent Act (Code 1940, § 45—1610) he was entitled to recover twice the value of said services plus an attorney's fee. He claimed a total of $230.16 plus reasonable attorney's fee.

Defendant says plaintiff's proper measure of damage was the reasonable value of the services withheld by the landlord and not cost of installing or furnishing the service. In other words that the formula plaintiff has adopted as his measure of damage is incorrect as a matter of law. As to this we need not now express an opinion. The question can better be answered when a trial has been had and the evidence is in, and the trial judge is in a position to test the applicability of the statute to the evidence. In an earlier case[3] we pointed out the impropriety of attempting to prejudge a plaintiff's measure of damages from the bare allegations of the initial pleading. The same principle applies here.

■■ Attempting to support the ruling below on a strictly jurisdictional ground, appellee argues that because plaintiff's measure of damages was incorrect and because he could not recover the cost of the repairs or double that amount, his only recovery would be the alternative of $50 fixed by the Rent Act and that jurisdiction of such a claim would be exclusively in the Small Claims Branch. The answer to that contention is that it is the amount of the plaintiff's *claim* and not the amount of his possible or even probable ultimate recovery that determines the forum within the Municipal Court in which a plaintiff's action is to be lodged. The amount a plaintiff claims in good faith in his initial pleading furnishes the jurisdictional classification into which his case falls,[4] except in those rare instances where it is obvious that under no circumstances can the plaintiff recover the amount he claims.[5] And the rule is not affected by the fact that the ultimate judgment falls below the court's lowest jurisdictional limit.[6] Such is the rule as to formal pleadings, and a harsher requirement would be

[1] Mar. 5, 1938, 52 Stat. 103, Ch. 43, D.C.Code 1940, § 11—801 et seq.

[2] Code 1940, § 45—1605(a).

[3] Brown v. Randle & Garvin, D.C.Mun. App., 32 A.2d 104.

[4] Merchants' Bank v. Affholter, 140 Ark. 480, 215 S.W. 648; Congregation B'Nai Israel v. Dymytruk, 129 Conn. 415, 28 A.2d 872; Harris v. Seidell, 1 Cal. App.2d 410, 36 P.2d 1104.

[5] Minick v. Associates Inv. Co., 71 App.D.C. 367, 110 F.2d 267.

[6] Kunkel v. Brown, 4 Cir., 99 F. 593; Ross v. McDougal, 31 Cal.App.2d 114, 87 P.2d 709. Many additional cases are cited in 21 C.J.S., Courts, § 55, pages 65, 66.

wholly out of place in Class B cases involving smaller amounts. Summary dismissals in these cases are not to be encouraged.

■ To summarize: We have no way of knowing what plaintiff's proof will be. His evidence may entitle him to the $230.16 he has claimed, or to some lesser amount by way of compensation, or to the $50 prescribed by the statute, or to nothing at all. But the amount of his recovery must be determined from the evidence as it develops during the trial. It is for that purpose that we return the case to the trial court.

Reversed.