**Frances C. DEN, Appellant,**

v.

**Alfred A. J. DEN, Appellee.**

No. 3986.

District of Columbia Court of Appeals.

Argued May 16, 1966.

Decided Sept. 20, 1966.

Paul M. Rhodes and Frances H. Goodwin, of Rhodes & Simms, Washington, D. C., for appellant.

Warren E. Magee, Washington, D. C., with whom Thomas G. Laughlin, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

In 1963 the parties, then husband and wife and hereafter referred to as such, entered into a separation agreement, and thereafter were divorced in Alabama. The Alabama divorce decree "confirmed" the separation agreement. By the terms of that agreement the husband in the year 1965 was required to pay the wife $1,000 a month, but instead he paid only $500 a month between January and July and then reduced the payments to $300 from August 1965 through January 1966. This action was brought by the wife to recover the unpaid balance, alleged to be $8,500, and she also sought punitive damages of $1,500.

In the second day of trial the husband consented to judgment against him for $7,700, the balance shown by the wife's exhibit to be due at that time, plus interest and costs. The court then directed a verdict on the issue of punitive damages. The wife appeals from the refusal of the court to submit her claim for punitive damages to the jury.

■ The husband argues that the wife is estopped from bringing this appeal because she has accepted payment in full of the judgment for the arrears. The argument is that one cannot accept the benefit of a judgment and at the same time appeal from it. Here, however, the wife is not appealing from the judgment awarded her for money due her under the contract. She had two claims, one for money due under the contract and one for punitive damages for the alleged willful and malicious acts of the husband. We find nothing inconsistent in the wife's accepting the confessed judgment and at the same time appealing from the denial of her claim for punitive damages.[1]

■ It it the rule in this jurisdiction that punitive damages are generally not recoverable for breach of contract; but "in certain, narrowly defined circumstances, where a breach of contract merges with, and assumes the character of, a wilful tort, calculated rather than inadvertent, flagrant, and in disregard of obligations of trust punitive damages may be assessed." Brown v. Coates, 102 U.S.App.D.C. 300, 303, 253 F.2d 36, 39, 67 A.L.R.2d 943 (1958).

The circumstances of the instant case do not fit the narrow limits set forth in Brown. In Brown, a broker defrauded his client, breaching his duty of trust. Here there was evidence to suggest that the husband willfully and perhaps maliciously failed to comply with the separation agreement in an effort to "wear down" the wife and force her to agree to reduced payments; but if the husband did attempt to defraud the wife, his efforts were not successful.

■ While there are cases in this jurisdiction indicating that punitive damages may be allowed for breach of contract where the acts of the breaching party are malicious, wanton, oppressive or with criminal indifference to civil obligations,[2] it appears that such acts must, as was said in Brown, merge with and assume the character of a willful tort. Such is not the case here. We think the present case is controlled by Minick v. Associates Inv. Co., 71 App.D.C. 367, 110 F.2d 267 (1940), where a complaint alleged that the defendant secured possession of an automobile by giving a check for repairs and storage charges and then "willfully, wantonly, and maliciously" stopped payment of the check. It was held that the allegation was equivalent to alleging that defendant willfully, wantonly, and maliciously breached his contract, and that punitive damages are not allowable for breach of contract, regardless of defendant's motive.

Affirmed.

1. Gilfillan v. McKee, 159 U.S. 303, 16 S.Ct. 6, 40 L.Ed. 161 (1895).

2. Chesapeake & Potomac Tel. Co. v. Clay, 90 U.S.App.D.C. 206, 194 F.2d 888 (1952); Schlein v. Smith, 82 U.S.App.D. C. 42, 160 F.2d 22 (1947); Ballard v. Spruill, 64 App.D.C. 60, 74 F.2d 464 (1934), cert. denied, 293 U.S. 625, 55 S. Ct. 349, 79 L.Ed. 712.