Matthew I. KAHAL, Appellant,

v.

J. W. WILSON & ASSOCIATES, INC.

No. 81–1923.

United States Court of Appeals,
District of Columbia Circuit.

Argued Feb. 18, 1982.
Decided March 23, 1982.

Nelson Moskawitz, Silver Spring, Md., with whom Bernard C. Dietz, Alexandria, Va., was on the brief for appellant.

Carol A. Joffe with whom Daniel G. Grove was on the brief for appellee.

Before ROBB and WALD, Circuit Judges, and GERHARD A. GESELL,* United States District Judge.

PER CURIAM:

The issue on this appeal is whether or not a claim for punitive damages was sufficient to give the District Court subject matter jurisdiction in this diversity action which otherwise failed to satisfy the $10,000 jurisdictional amount requirement of 28 U.S.C. § 1332(a) (1976). We affirm the District Court's order dismissing the complaint.

Appellant Kahal was employed as an economist by J. W. Wilson & Associates, Inc. from August, 1977, until September, 1980. According to the complaint Kahal worked considerable overtime during the spring of 1980 with the understanding that he would receive compensation over and above his regular salary and following his termination in September, 1980, Kahal continued to work for J. W. Wilson & Associ-

* For the District of Columbia, sitting by designa-    tion pursuant to 28 U.S.C. § 292(a).

ates on a consulting basis. After allegedly not receiving the amounts due him Kahal brought suit for unpaid wages and consulting fees, liquidated damages and punitive damages. The District Court granted appellee's motion to dismiss for lack of jurisdiction on the ground that Kahal was precluded from recovering over $10,000 in this action as a matter of law.

■ A Court must consider claims for both actual and punitive damages in determining jurisdictional amount. *Bell v. Preferred Life Assurance Society,* 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943). It is clear that appellant's claims for overdue wages, unpaid consulting fees, and liquidated damages are not sufficient to satisfy the $10,000 jurisdictional amount requirement.[1] Thus the critical issue in determining whether the Court below properly dismissed the action for lack of jurisdiction is whether the complaint stated a valid claim for punitive damages. Appellant sought punitive damages of $25,000, alleging that "[t]he defendant's withholding of wages past due is a part of a pattern of past practice of willful and wanton aggravated oppression, malice and wicked conduct by the defendant. The defendant has no justifiable basis upon which such withholding can be made."

The standards for determining whether $10,000 is in controversy are well established. "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288–89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); *see Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 276, 97 S.Ct. 568, 570, 50 L.Ed.2d 471 (1977) (describing *Red Cab* as "[t]he leading case").

The issue of whether the jurisdictional amount requirement is satisfied thus takes on two aspects in a diversity action over which the Court lacks subject matter jurisdiction absent a valid claim for punitive damages. First, are punitive damages recoverable under local law under the circumstances alleged? Second, is it sufficiently certain as a matter of federal law that the complaint does not satisfy the jurisdictional amount?

Under District of Columbia law punitive damages are awarded for breach of contract but only in "rare" cases. *Mark Keshishian & Sons, Inc. v. Washington Square, Inc.,* 414 A.2d 834, 842 (D.C.1980). To justify an award of punitive damages the breach must be aggravated by particularly egregious conduct. *See Mark Keshishian & Sons, Inc.* (defendants obtained copy of contract under false pretenses and destroyed it); *Harris v. Wagshall,* 343 A.2d 283 (D.C. 1974) (defendants purposefully concealed assets from plaintiff and court with intent to defraud); *Brown v. Coates,* 253 F.2d 36 (D.C.1958) (real estate broker breached fiduciary duty to clients by defrauding them of equity in their home). The standard for awarding punitive damages is sometimes expressed in terms of the requirement that the breach must have "the character of a willful tort." *Den v. Den,* 222 A.2d 647, 648 (D.C.1966); *accord, Brown,* 253 F.2d at 39; *cf.* Restatement (Second) of Contracts § 369 (Tent. Draft No. 14 1979) ("Punitive damages are not recoverable for breach of contract unless the conduct constituting the breach is also a tort for which punitive damages are recoverable.")

■ In the absence of some aggravating conduct, punitive damages are not recoverable in a contract action simply because defendant breached with a bad intent. *See Den,* 222 A.2d at 648; *Minick v. Associates*

---

1. Appellant sought $4,018.00 in overtime wages and consulting fees plus liquidated damages. Assuming that appellant would be entitled to $4,018.00 in liquidated damages under D.C. Code § 36–103(4) (1981), which appellee contests, the total still does not reach $10,000. On appeal the appellant raised for the first time the possibility of recovery under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (1976). Issues not raised before the trial court will not be considered on appeal. *Brown v. Collins,* 402 F.2d 209 (D.C.Cir.1968).

*Inv. Co.*, 110 F.2d 267 (D.C.1940). In *Den*, for example, the Court held that evidence that defendant had "willfully and perhaps maliciously" failed to make alimony payments under a separation agreement "in an effort to 'wear down' the wife and force her to agree to reduced payments" did not support an award of punitive damages. 222 A.2d at 648.

■ In applying the legal certainty test where the availability of punitive damages is the sine qua non of federal jurisdiction the District Court should scrutinize the punitive damage claim to ensure that it has at least a colorable basis in law and fact. *See Zahn v. International Paper Co.*, 469 F.2d 1033 n.1 (2d Cir. 1972), *aff'd*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973); *Nelson v. Keefer*, 451 F.2d 289, 293–98 (3rd Cir. 1971). Liberal pleading rules are not a license for plaintiffs to shoehorn essentially local actions into federal court through extravagant or invalid punitive damage claims. Close scrutiny of punitive damage claims is particularly appropriate where, as here, plaintiff has had an opportunity to respond to the defendant's traverse on the jurisdictional issue and has answered pertinent interrogatories.

■ Applying these principles to this case, we find that the District Court was correct in dismissing the suit for lack of jurisdiction. In response to one of defendant's interrogatories requesting plaintiff to detail his claim for punitive damages the plaintiff stated: "The defendant has withheld moneys due me so as to hurt me financially and cause me great mental distress. Such action is in the nature of a tort." Under the District of Columbia authorities cited above this statement is clearly insufficient to justify an award of punitive damages. In his opposition to appellee's motion to dismiss appellant appeared to adopt a somewhat different theory of recovery: "At trial the plaintiff will establish a pattern of past practice whereby the defendant's malicious and wanton withholding of wages was clearly designed to injure and cause anguish to employees whose services were terminated." At most this statement asserts that appellee's allegedly malicious motive for breaching its contract with appellant may have motivated defendant in similar dealings with other employees. It does not suggest that appellee's alleged breach was accompanied by the kind of egregious conduct that would justify an award of punitive damages.

Accordingly, the District Court was correct in concluding that appellant's claims failed to satisfy the $10,000 jurisdictional amount requirement of 28 U.S.C. § 1332(a) (1976) and that the complaint therefore had to be dismissed for lack of jurisdiction. The order of the District Court is AFFIRMED.