**Radu RASIDESCU, Plaintiff,**

v.

**MIDLAND CREDIT MANAGEMENT, INC.; J. Brandon Black, Defendants.**

**No. 05CV1794 JAH (WMC).**

United States District Court, S.D. California.

May 19, 2006.

Tomio B. Narita, Jeffrey A. Topor, Wineberg, Simmonds & Narita LLP, San Francisco, Counsel for the defendants.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND; GRANTING PLAINTIFF'S REQUEST TO STRIKE; DENYING PLAINTIFF'S REQUEST FOR FULL AUDIT AND INJUNCTION [DOC. NO. 12]**

HOUSTON, District Judge.

### INTRODUCTION

Now before this Court is Defendants Midland Credit Management, Inc. and J. Brandon Black (collectively "Defendants") motion to dismiss *pro se* Plaintiff Radu Rasidescu's ("Plaintiff") first amended complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Doc. No. 12. This Court, after careful consideration of the pleadings and relevant exhibits, GRANTS Defendants' motion to dismiss without prejudice, with leave for Plaintiff to file a second amended complaint.

### BACKGROUND

**1. Factual Background [1]**

On September 16, 2005, *pro se* Plaintiff Radu Rasidescu filed a complaint, alleging

that the "Defendants, did destroy the Plaintiff's, Radu Rasidescu, Credit negligently, knowingly, willingly and maliciously." *See* Cplt. at 2. The complaint also stated that "Defendants ... did destroy the Plaintiff's Radu Rasidescu. Credit (sic), its history and score." *Id.* at 2. Plaintiff asked to "be awarded ... all inclusive remedies in the amount of $50,000,000.00." *Id.* at 1. Plaintiff also asked for a preliminary injunction in the amount of $25 million. *Id.*

On January 19, 2006, Plaintiff filed a first amended complaint reiterating his request to enter a "Final Summary Judgment" based on the subject arbitration decision, as well as an entry of preliminary injunction against Defendants and remedies in the amount of $50 million. Doc. No. 11. Plaintiff alleged that Defendants "did destroy the Plaintiff's, Radu Rasiescu. Credit (sic), its history and score by committing fraud in fact and law...negligently, knowingly and maliciously." *Id.* at 1–2. Plaintiff further alleged that he "does not qualify for any loans, or mortgages" and he "does not qualify to get any credit from any financial institutions." *Id.* at 2.

**2. Procedural Background**

Plaintiff filed his original complaint on September 16, 2005. On October 5, 2005, Defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and 12(b)(1). Doc. No. 4. Plaintiff filed an opposition [2] *nunc pro tunc* on October 28, 2005. Doc. No. 7. Defendants filed a reply on November 4, 2005. Doc. No. 8. Oral argument was heard on November 17, 2005, with Mr. Jeffrey Topor appearing for Defendants and Mr. Radu Rasidescu appearing *pro se.*

---

**1.** The following facts are taken from Plaintiff's first amended complaint.

**2.** Plaintiff's document entitled "Plaintiff's Answer," was filed in response to Defendant's

motion. This Court accepted the document *nunc pro tunc,* construing the document as an opposition to Defendant's motion to dismiss.

Doc. No. 9. The Court, at the hearing, granted Defendants' motion without prejudice, with leave to amend the complaint within sixty days. *Id.* The Court issued a written Order on November 23, 2005, dismissing the case. Doc. No. 10.

On January 19, 2006, Plaintiff filed a timely first amended complaint, reopening his case. Doc. No. 11. Defendant subsequently filed a motion to dismiss on January 27, 2006. Doc. No. 12. Plaintiff filed a notice of motion to strike and opposition *nunc pro tunc* on February 21, 2006. Doc. No. 15. Defendant filed a reply on March 21, 2006. Doc. No. 17. This Court took this matter under submission pursuant to CivLR 7.1(d.I). Doc. No. 16.

## *ANALYSIS*

### 1. Legal Standard

#### A. Fed.R.Civ.P. 12(b)(1)

"A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Publishing Co. v. General Tel. & Elect.*, 594 F.2d 730, 733 (9th Cir.1979); *see also* Fed.R.Civ.P. 12(b)(1). Subject matter jurisdiction exists under 28 U.S.C. § 1332 (diversity jurisdiction) "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states."

"Unlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in doing so rely on affidavits or any other evidence properly before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). Thus, the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *Id.*

Defendants bring this motion as a "speaking motion" presenting a factual challenge to subject matter jurisdiction. Therefore, this Court may consider extrinsic evidence on whether jurisdiction exists and may resolve factual disputes if necessary. *Thornhill,* 594 F.2d at 733. Because Plaintiff bears the burden of establishing subject matter jurisdiction, no presumption of truthfulness attaches to the allegations of plaintiff's complaint and the Court must presume it lacks jurisdiction until plaintiff establishes jurisdiction. *Stock West, Inc. v. Confederated Tribes,* 873 F.2d 1221, 1225 (9th Cir.1989).

#### B. Fed.R.Civ.P. 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir.2001). Dismissal of a claim under this Rule is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Navarro,* 250 F.3d at 732. Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir.1984); *see also Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson,* 749 F.2d at 534.

#### C. Rule 9(b)

Rule 9(b) states in relevant part that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mis-

take shall be stated with particularity." Fed. Rules Civ. P. 9(b). Thus, Rule 9(b) requires that parties must "be specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba–Geigy Corp., U.S.A.,* 317 F.3d 1097, 1106 (9th Cir.2003).

■■■ Under Ninth Circuit case law, Fed. Rules Civ. P. 9(b) imposes two distinct requirements on complaints alleging fraud. First, the basic notice requirements of Rule 9(b) require complaints pleading fraud to "state precisely the time, place, and nature of the misleading statements, misrepresentations, or specific acts of fraud." *Kaplan v. Rose,* 49 F.3d 1363, 1370 (9th Cir.1994); *Vess,* 317 F.3d at 1106 (A plaintiff must set forth " 'the who, what, when, where and how' of the alleged misconduct."). Second, the Rule requires that the complaint "set forth an explanation as to why the statement or omission complained of was false and misleading." *Yourish v. California Amplifier,* 191 F.3d 983, 993 (9th Cir.1999). A complaint may demonstrate the false or misleading character of a statement by identifying inconsistent contemporaneous statements made by the defendants or inconsistent contemporaneous information that was available to the defendants. *Yourish,* 191 F.3d at 994; *DeMarco v. DepoTech Corp.,* 149 F.Supp.2d 1212, 1223 (S.D.Cal.2001). A complaint may not, however, demonstrate that a statement was false or misleading when made "merely by pointing to later inconsistent statements or conditions." *DeMarco,* 149 F.Supp.2d at 1223.

**2. Analysis**

Defendants seek dismissal for failure to state a claim under 12(b)(6). Alternatively, Defendants seek dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction. As with this Court's previous Order,

*see* Doc. No. 10, because a federal court cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction, *see Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), the merits of the Rule 12(b)(1) motion will be discussed first.

**A. Subject Matter Jurisdiction**

Defendants contend that Plaintiff cannot maintain a diversity action in federal court under 28 U.S.C. § 1332 because Plaintiff's claim of $50 + million in damages was "not made in good faith, but rather is stated for the sole purpose of attempting to manufacture jurisdiction." *See* Doc. No. 13 at 9. Plaintiff's opposition states that in his diversity case "[t]he remedies do exceed by far the $75,000.00 threshold." *See* Doc. No. 5 at 2. Plaintiff alleges state law claims for "fraud in fact and law" and unspecified tort damages. Because none of these claims invoke federal question jurisdiction, the only basis for subject matter jurisdiction is diversity jurisdiction.

■■■ It is well settled that a claim made in good faith in the complaint satisfies the jurisdictional requirement for diversity. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288–289, 58 S.Ct. 586, 82 L.Ed. 845 (1938). However, if "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed" then the suit must be dismissed. *Id.* at 289, 58 S.Ct. 586. "It is plaintiff's burden both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *Id.* at 288 fn. 10, 58 S.Ct. 586, citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 182–189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). The party seeking diversity juris-

diction, thus, bears the burden of proof of demonstrating federal jurisdiction, and must support their claim with "competent proof." *McNutt,* 298 U.S. at 189, 56 S.Ct. 780; *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir.1996).

██ Therefore, where Plaintiff's complaint states an amount that is, to a legal certainty, less than the amount required to establish federal jurisdiction, the district court is justified in dismissing the action. *St. Paul,* 303 U.S. at 289, 58 S.Ct. 586. "Only three situations clearly meet the legal certainty standard: (1) when the terms of a contract limit the plaintiff's possible recovery; (2) when a specific rule of law or measure of damages limits the amount of damages recoverable; and (3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction." *Pachinger v. MGM Grand Hotel–Las Vegas, Inc.,* 802 F.2d 362, 363 (9th Cir.1986).

### a. *Actual Damages*

██ Plaintiff claims "Tort & Actual Damages" as a result of Defendants' alleged contract claim, wherein Plaintiff claims he is "prejudiced" and apparently lacks the ability for the next twenty years to:

- Obtain a mortgage for $2.75 million
- Obtain car loans in the amount of $160,000
- Obtain a position paying $5 million ($250,000/year for 20 years)
- Purchase all-terrain vehicles worth $14,000 [3]
- Purchase two speedboats worth $50,000
- Purchase snowmobiles worth $34,000
- Travel overseas, worth approximately $144,000

Doc. No. 15 at 2. In addition, Plaintiff claims that as a result of his credit denial, he should be compensated for an unspecified reason in the amount of $500.00 for the next twenty years, totaling $10,000 in additional damages. *Id.*

Viewing the complaint in a light most favorable to Plaintiff, this Court finds that the allegations in Plaintiff's amended complaint on its face do not support Plaintiff's claim for relief in excess of the jurisdictional amount required. First, Plaintiff provides these damage values without any comment as to how he is entitled to these damages, or what connection these extremely large damages amounts have with the alleged claims in the first amended complaint. Plaintiff, for example, fails to provide any link or support of his ability to obtain a very high paying position at $250,000/year with any alleged actions by Defendants. The damages claims instead depend upon the uncertain actions of a third party or the happening of an unlikely event that has not yet occurred, and is speculative at best. *Agnew v. Parks,* 172 Cal.App.2d 756, 768, 343 P.2d 118 (1959). Plaintiff's claims, therefore, are not supported by any facts or allegations that would connect his damage claims to Defendants' alleged acts.

Likewise, Plaintiff also fails to demonstrate how any alleged damage to his credit would impact his ability to purchase two very high priced speedboats at $50,000, or how he would have, in the absence of Defendants' pursuit of the alleged credit card debt, been able to purchase the $2.75 million home or the vehicles and overseas trips worth over $400,000. Moreover, the arbitration hearing, which occurred to resolve a dispute between Plaintiff and Defendants over an unpaid $10,600.00 credit debt, awarded no fees or damages to ei-

---

**3.** Plaintiff's calculations for the all-terrain vehicle loss appears to be in error. At an estimated $3,500 value, the purchase of two all-terrain vehicles every ten years would equal $14,000, not $15,000 as alleged.

ther side. Plaintiff's claims cannot "be ascertained pursuant to some realistic formula." *Moore v. Betit*, 511 F.2d 1004, 1006 (2d Cir.1975). Accordingly, Plaintiff's claims for actual damages "appear to a legal certainty [as] really for less than the jurisdictional amount" of $75,000. *See St. Paul Mercury*, 303 U.S. at 288–89, 58 S.Ct. 586.

### b. *Fraud in Fact and Law Allegations*

Plaintiff amends his original complaint by adding an allegation of "Fraud in Fact and Law" along with punitive damages, totaling $42 million in alleged damages. Doc. No. 15 at 2. To be awarded the $42 million in damages, and meet the legal certainty standard, Plaintiff must be able to prove that his damage claim is not limited by "a specific rule of law or measure of damages ... [or] when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction." *Pachinger*, 802 F.2d at 364.

 Plaintiff's claims of $42 million in damages cannot meet the jurisdictional requirement under both California and Wisconsin law. In California, recovery under common law fraud is limited to "actual damages suffered by the plaintiff." *Small v. Fritz Companies, Inc.*, 30 Cal.4th 167, 195, 132 Cal.Rptr.2d 490, 65 P.3d 1255 (2003), quoting *Ward v. Taggart*, 51 Cal.2d 736, 741, 336 P.2d 534 (1959). " 'Actual is defined as "existing in fact or reality," as contrasted with "potential" or "hypothetical," and as distinguished from "apparent" or "nominal." ' " *Small*, 30 Cal.4th at 195, 132 Cal.Rptr.2d 490, 65 P.3d 1255, citing to Webster's Third New Internat. Dict. at 22 (1964). "It follows that 'actual damages' are those which compensate someone for the harm which he or she has been proven to currently suffer or from which the evidence shows he or she is certain to suffer in the future." *Id.* Similarly, Wisconsin

law requires plaintiff show actual damages in order to recover on a common law fraud claim. "Actual damage is harm that has already occurred or is 'reasonably certain' to occur in the future." *Tietsworth v. Harley–Davidson, Inc.*, 270 Wis.2d 146, 158, 677 N.W.2d 233 (2004). "Actual damage is not the mere possibility of future harm." *Id.*

 Plaintiff here cannot show that he suffers from damages that are "reasonably certain" to occur or that are "existing in fact or reality." Plaintiff makes no attempt to show or support in his amended complaint that he suffers from $42 million in damages as a direct or reasonably anticipated result of Defendants' alleged fraudulent actions. Plaintiff only characterizes his damages as $19 million each for alleged "Fraud–in–Fact" and "Fraud–in–Law" violations. As discussed, Plaintiff's claim for damages cannot be supported by the facts contained within his first amended claim, and therefore, to a legal certainty, does not overcome his burden of showing the required jurisdictional amount for this Court to assert federal jurisdiction in the instant matter.

### c. *Punitive Damages*

 Plaintiff also claims punitive damages of $4 million as a result of the alleged fraudulent behavior by Defendants. In determining whether diversity jurisdiction exists, a court is obligated to consider claims for both actual and punitive damages in determining the jurisdictional amount. *Kahal v. J.W. Wilson & Assocs., Inc.*, 673 F.2d 547, 548 (D.C.Cir.1982). However, under both California and Wisconsin law, punitive damages are generally only available where defendant's actions are oppressive, fraudulent or malicious, or willful, wanton and/or in reckless disregard for the plaintiff. *See* Cal. Civ.Code § 3294 [4] (West 2006); *Lundin v. Shiman-*

---

4. The statute states in relevant part:

In an action for the breach of an obligation

*ski,* 124 Wis.2d 175, 196–97, 368 N.W.2d 676 (1985). Here, Plaintiff asserted that defendant did "falsely claim that since August 2001, the Plaintiff was owning [sic] them $10, 600.00[sic]." Doc. No. 11 at 2. Plaintiff further alleges that "defendants did maliciously pursue this false claim with the National Arbitration Forum, where their action was dismissed with prejudice for lack of factual evidence." Doc. No. 11 at 2. Although Plaintiff alleges that Defendant "falsely" accused Plaintiff of a $10,600 credit card debt, the punitive damages award sought "appears to have been made in bad faith" for the purpose of manufacturing jurisdiction. *Srour v. Barnes,* 670 F.Supp. 18, 20 (D.D.C.1987). Taking the facts of the complaint in the light most favorable to Plaintiff, his claim of $4 million in damages is constitutionally suspect due to the lack of actual damages incurred by Plaintiff as discussed, as well as the lack of any allegations of willful, malicious or intentional actions by Defendants. *See BMW, Inc. v. Gore,* 517 U.S. 559, 574–75, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996); *Jeffers v. Nysse,* 98 Wis.2d 543, 547, 297 N.W.2d 495 (1980). Defendants' actions, instead, may have been improper at most, and is far from the wanton and malicious tortious action necessary for punitive damages in common law tort claims. Accordingly, Plaintiff's claim for $4 million in punitive damages is not supported by the factual evidence in the first amended complaint, and should be dismissed for lack of subject matter jurisdiction.

### d. *Conclusion*

For the reasons stated above, Plaintiff's complaint again fails to support the amount in controversy requirement for diversity jurisdiction. Accordingly, this

Court GRANTS Defendant's motion to dismiss under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction.

### B. Failure to State a Claim for Relief

Defendants argue that the Court should dismiss Plaintiff's first amended complaint with prejudice under Fed.R.Civ.P. 12(b)(6) because: 1) Plaintiff has not set forth with sufficient particularity the elements of the alleged fraudulent action claimed as required under Fed.R.Civ.P. 9(b); and 2) Plaintiff fails to support any alleged contractual basis for his claim under Rule 8 of the Federal Rules of Civil Procedure. *See* Doc. No. 13 at 6–7.

In his opposition, Plaintiff only states that the "two claims, of FRAUD in FACT and law, and TORT and ACTUAL DAMAGES were simply stated and explained in the Plaintiff's AMENDED COMPLAINT FOR REMEDIES." *See* Doc. No. 15 at 2 (emphasis in original). Defendants reply that Plaintiff fails to explain the basis for a federal common-law fraud action, and fails to allege the necessary elements for a state law fraud claim. Doc. No. 17 at 3. Defendants add that Plaintiff "at most [sets] forth conclusory allegations that do not give defendants fair notice of the nature of his claim and the basis for it". *Id.* at 4.

 As previously discussed in this Court's Order of November 23, 2005, Rule 8 provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(20). The Federal Rules adopt a flexible pleading policy; however every complaint must, at a mini-

---

not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages

for the sake of example and by way of punishing the defendant.
Cal. Civ.Code § 3294(a). The statute goes on to define behavior indicative of oppression, fraud and malice.

mum, give fair notice and state the elements of each claim against each defendant plainly and succinctly. *Jones v. Community Redevelopment Agency,* 733 F.2d 646, 649 (9th Cir.1984); *Kimes v. Stone,* 84 F.3d 1121, 1129 (9th Cir.1996). While the court must construe *pro se* pleadings liberally and afford plaintiff the benefit of any doubt, even *pro se* plaintiffs must allege, with at least some degree of particularity, overt acts taken by each defendant which support his claims. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam); *Karim–Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 623 (9th Cir.1988).

■ In his first amended complaint, Plaintiff still fails to give each defendant "fair notice" of what they are being accused of. The plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" that support the plaintiff's claim. *Sherman v. Yakahi,* 549 F.2d 1287, 1290 (9th Cir.1977), quoting *Powell v. Workmen's Compensation Board,* 327 F.2d 131, 137 (2d Cir. 1964). In terms of any alleged contractual claim against Defendants, Plaintiff again fails to identify the alleged contract between the parties, and the facts and circumstances surrounding the alleged breach of contract. Without such information, the claims in the first amended complaint fail to give fair notice to Defendants of the actions of which they are accused, in direct contravention to Rule 8 of the Federal Rules of Civil Procedure. As set forth in his amended complaint, Plaintiff's allegations, therefore, continue to be vague and unclear in violation of Rule 8(a).

■ In addition, Plaintiff fails to set forth in his amended complaint the essential elements of his fraud claim. In California, the elements of common law fraud are: 1) misrepresentation of a material fact; 2) knowledge of falsity by defendant of the material fact; 3) intent of defendant to defraud plaintiff; 4) justifiable reliance of plaintiff on the material fact; and 5) damages. *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 68 Cal.App.4th 445, 481, 80 Cal.Rptr.2d 329 (1998). Similarly, in Wisconsin, a showing of common law fraud requires that plaintiff prove: 1) misrepresentation of a fact, not opinion; 2) which was untrue; 3) defendants had knowledge of the falsity, or made the false statement with reckless disregard to plaintiff; 4) the false representation was made to induce plaintiff to plaintiff's detriment; and 5) plaintiff believed and relied on the misrepresentation. *Grove Holding Corp. v. First Wisconsin Nat'l Bank of Sheboygan,* 803 F.Supp. 1486, 1503 (1992). Plaintiff's complaint only alleges that Defendants made a false statement, but fails to establish whether Defendants had an intent to defraud plaintiff, or that Defendants had actual knowledge or made the statement with reckless disregard to Plaintiff. Accordingly, Plaintiff's complaint fails to adequately set forth a common law fraud claim against Defendants.

■ Finally, fraud claims, under the Federal Rules of Civil Procedure as well as California and Wisconsin state law, must be plead with sufficient particularity such that the complaint "state[s] precisely the time, place, and nature of the misleading statements, misrepresentations, or specific acts of fraud," as well as "why the statement or omission complained of was false and misleading." Fed.R.Civ.P. 9(b); Wis. Stat § 802.03(2); *Lazar v. Superior Court,* 12 Cal.4th 631, 645, 49 Cal.Rptr.2d 377, 909 P.2d 981 (1996); *Kaplan,* 49 F.3d at 1370; *Vess,* 317 F.3d at 1106 (A plaintiff must set forth " 'the who, what, when, where and how' of the alleged misconduct."); *Yourish,* 191 F.3d at 993; *Tietsworth,* 270 Wis.2d at 158, 677 N.W.2d 233. Plaintiff's first amended complaint fails to

meet this heightened pleading standard by failing to precisely state the "time, place and nature" of the alleged false statements, or why the alleged false statements were "false and misleading." Plaintiff's complaint only conclusorily alleges that "defendant did falsely claim that since August 2001, the Plaintiff was owning [sic] them $10, 600.00[sic]." Doc. No. 11 at 2. Plaintiff fails to specifically identify who made the false statements, where the false statements were made and, most importantly, why the alleged false statements were false and misleading. Without such information, Plaintiff's first amended complaint fails to meet the heightened pleading requirements under Federal and State law.

Accordingly, this Court GRANTS Defendant's motion to dismiss under Rule 12(b)(6) for failure to state a claim.

### C. Plaintiff's Motion to Strike

██ In his Opposition, Plaintiff requests:

An Order to Strike the Plaintiff's, Radu Rasidescu, Social Security number from the "SUMMARY OF ACCOUNT INFORMATION" of the Exhibit 1 of the Defendants' Memorandum from Oct. 4, 2005[sic] This is a very CONFIDENTIAL matter between IRS and a taxpayer, and, as part of a public record, it can lead to IDENTITY THEFT. The Defendants acted MALICIOUSLY in their submission.

Doc. No. 15 at 1. Defendants do not oppose this request. *See* Doc. No. 17 at 5, fn. 2. This Court finds Plaintiff's request reasonable. Accordingly, the Court will Order the Clerk of the Court to file under seal the exhibits attached to Defendants' October 5, 2005 memorandum (Doc. No. 5).

### D. Plaintiff's Request for Injunction and Audit

Plaintiff also requests in his opposition: 1) An "Order for a Full Audit" of Defen-

dants' accounting and financial practices, to be paid by Defendants; and 2) An "Order for Injunction" for Defendants to "deposit $25 million dollars with this Court as security of costs." Doc. No. 11 at 1. Defendants oppose both requests. Doc. No. 15 at 5, fn. 2. This Court agrees with Defendants. Plaintiff provides no statute, law or rule from which to base his requests. Plaintiff, instead, asks this Court to circumvent established laws, rules and practices to obtain information and payment from Defendants for Plaintiff's sole benefit. This Court declines to do so, and therefore DENIES Plaintiff's request for an injunction and full audit.

### 3. Leave to Amend

This Court finds that, in light of Plaintiff's first presentation of fraud claims in his first amended complaint, Plaintiff should be provided the opportunity to again amend his complaint in order to overcome the amount in controversy requirement for diversity jurisdiction, as well as to plead with particularity and place Defendants on sufficient notice of the claims against them. As noted, Plaintiff must lay out the specific facts and circumstances that show Plaintiff has suffered damages exceeding the statutory requirement of $75,000. This includes the recitation of facts that are "existing in reality" within the body of the complaint to support any damages that Plaintiff seeks. Plaintiff must overcome this statutory threshold before this Court can exercise subject matter jurisdiction.

In order to meet the requirements under Fed.R.Civ.P. 8(a) and 9(b), Plaintiff must also specifically plead with particularity facts and circumstances of his fraud claims. In addition, Plaintiff must also plead with particularity under Fed. R.Civ.P. 8(a) facts and circumstances regarding any breach of contract claim that

he may wish to bring. Regardless of the cause of action claimed, Plaintiff must, at a minimum, state sufficient facts to support any claim contained within the complaint, and how these facts apply to each defendant.

Once filed, the amended complaint supersedes the original: it must stand or fall on its own; jurisdictional and other allegations essential to the claim must be realleged; and the original complaint is rendered irrelevant unless the amended complaint incorporates by reference portions of the prior pleading. *See* CivLR 15.1; *King v. Dogan,* 31 F.3d 344, 346 (5th Cir.1994). An amended complaint that drops a defendant named in the original complaint effectively dismisses that defendant from the action. *London v. Coopers & Lybrand,* 644 F.2d 811 (9th Cir. 1981). Claims in the original complaint which are not realleged in the amended complaint are no longer before the court and are deemed waived. *Id.* at 814.

### CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1) Defendants' motion to dismiss is **GRANTED without prejudice.** The complaint is DISMISSED with leave to amend.

2) Plaintiff must file and serve an amended complaint that complies with the Federal Rules of Civil Procedure on or before June 30, 2006. If Plaintiff's amended complaint still fails to overcome the threshold amount for diversity jurisdiction and/or fails to state a claim upon which relief can be granted, it will be dismissed with prejudice and without any further leave to amend. *See McHenry v. Renne,* 84 F.3d 1172, 1177–79 (9th Cir.1996) (holding that court may dismiss action pursuant to Fed.R.Civ.P. 41(b) if plaintiff fails to comply with previous court order regarding amend-

ment). If Plaintiff fails to file an amended complaint on or before June 30, 2006, the Clerk of the Court is directed to terminate this case.

3) Plaintiff's request to strike personal information from Defendant's October 5, 2005 memorandum is **GRANTED.** The Clerk of the Court is directed to file under seal all exhibits attached to Defendant's memorandum (Doc. No. 5).

4) Plaintiff's request for an injunction and full audit of Defendant's financial and accounting practices is **DENIED.**

**IT IS SO ORDERED.**